UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENARD DARNELL NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 06-1124 (ESH) |
| | ) |
| **JOHN SNOW, <u>et al.</u>,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANTS' PARTIAL MOTION TO DISMISS AND FOR
ENTRY OF DISPOSITIVE MOTIONS BRIEFING SCHEDULE**

Defendants John Snow, <u>et al</u>, hereby move for partial dismissal of plaintiff Denard Darnell-Neal's Civil Complaint. Defendants move for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and <u>Best v. Kelly</u>, 39 F.3d 328, 330 (D.C. Cir. 1994).

With respect to plaintiff's Freedom of Information Act claim, 5 U.S.C. § 552, defendant Executive Office of United States Attorneys ("EOUSA") requests that, in lieu of filing an answer to the Complaint, that the Court establish a briefing schedule, providing EOUSA thirty (30) days within which to file a dispositive motion.

A memorandum of points and authorities and proposed order is included with this Motion.

Plaintiff, who is proceeding <u>pro se</u>, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence

contradicting the assertions in the defendants' attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

August 28, 2006                     Respectfully submitted,

                                    /s/
                                    _____
                                    KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                    United States Attorney

                                    /s/
                                    _____
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney

                                    /s/
                                    _____
                                    PETER D. BLUMBERG, D.C. Bar # 463247
                                    Assistant United States Attorney
                                    United States Attorney's Office, Civil Division
                                    555 4th St., N.W.
                                    Washington, D.C.  20530
                                    (202) 514-7157

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENARD DARNELL NEAL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) Civil Action No. 06-1124 (ESH) |
| | ) |
| **JOHN SNOW, et al.,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS AND FOR ENTRY OF SCHEDULING ORDER**

Defendants John Snow, et al. hereby file this memorandum in support of their partial motion to dismiss and for entry of a scheduling order for the disposition of plaintiff's Freedom of Information Act claim.

**I.  FACTUAL BACKGROUND**

Plaintiff Denard-Darrell Neal, is currently incarcerated at the Federal Correctional Institution in Coleman, Florida. See Complaint. He filed his pro se Complaint on June 20, 2006. The Complaint is replete with jargon and legal-sounding phrases, and contains neither "a short and plain statement of the grounds on which the Court's jurisdiction depends" nor a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As best as can be discerned, Mr. Neal claims that the United States Department of Treasury has created a "factious" (defendants presume plaintiff means "fictitious") entity, "Denard Darnell Neal" without plaintiff's permission. Complaint at 2-3. Plaintiff further claims that Treasury is maintaining Uniform Commercial Code (UCC) trust accounts under the fictional Neal's name,

and that he (plaintiff) is the rightful owner of the property secured under these accounts. See Complaint at 4 paras. 5-9. As relief, he seeks either the return of the property or the cash equivalent, which he estimates at $100 billion. See id. at 8, para 2. Mr. Neal has attached a series of documents to his Complaint, including (1) a UCC Financing Statement claiming that the value of the secured collateral is $100 billion; (2) a "Security Agreement" (which purports to secure collateral ranging from land, mineral and water rights to camping equipment to cryogenically preserved tissues to the freedom of religion); and a second security agreement listing some 79 different forms of collateral. See Complaint, attachments.

With respect to defendant Department of Justice, Mr. Hall claims that the United States Attorneys Office/Executive Office of United States Attorneys has created bonds in his name. See Complaint at 5. He claims that these bonds (a bid bond, a payment bond and a performance bond) may be worth $24 million per bond, that EOUSA has thwarted his efforts to recover these bonds. See id. at 5-6.

In July 2005, Mr. Neal sent a Freedom of Information Act Request to EOUSA "to have the bonds return[] to aggrieved party." Id. at 6; see also July 11, 2005 Freedom of Information Act Request (seeking eight different categories of "bonding" information.) According to the exhibits attached to the Complaint, EOUSA responded on November 8, 2006, requesting that Mr. Neal indicate the judicial district in which his prosecution took place. See November 8, 2005 letter from Marie O'Rourke to Denard D. Neal (attached to Complaint). Mr. Neal responded and informed EOUSA that he had been prosecuted in Phoenix, Arizona. See November 20, 2005 letter from Denard Neal to EOUSA (attached to Complaint). On February 6, 2006, Mr. Neal was informed by EOUSA that his request would be processed in the order in which it was received

(attached to Complaint).  According to plaintiff, he has yet to receive his bonds.  Complaint at 6, paras 7-9.

## II.    ARGUMENT

### A.    Plaintiff's Claims of Identity Theft and That He is Entitled to Billions of Dollars as a Secured Party Should be Dismissed.

It is settled law that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (quoting Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1904)).  The vast majority of Mr. Neal's complaint is properly dismissed under Rule 12(b)(1) for lack of jurisdiction because it rests on incredible claims that are on their face "essentially fictitious" and consequently do not present a federal question suitable for decision.  Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994).  In Kelly, this Court recognized that in cases in which the plaintiff alleges "bizarre conspiracy theories . . . fantastic government manipulations of their will or mind [or] supernatural intervention," such claims may be dismissed without prejudice for want of subject matter jurisdiction under Rule 12(b)(1).  See also Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); Hagans, 415 U.S. at 536-37 (citing cases affirming dismissal of "essentially fictitious" complaints which are "so attenuated and unsubstantial as to be absolutely devoid of merit.")

Here, Mr. Neal alleges that under a variety of UCC security instruments – which list him as both debtor and the secured party – he is entitled to substantial sums of money.  Even a cursory review of the exhibits included with his Complaint demonstrates that these security instruments are not valid, and do not reflect assets or property that plaintiff owns or is otherwise

entitled to.  See generally Security Agreements (attached to Complaint).   Nor does plaintiff explain how these UCC documents provide a basis for a claim against the government defendants in this case.  Mr. Neal's claims against the Department of Treasury and the Department of Justice that purport to seek recovery of money, secured property, or bonds (subject to Part II.B. below) readily qualify as "essentially fictitious" and should be dismissed under the doctrine enunciated in Best v. Kelly.[1]

       **B.**       **In Lieu of an Answer, the Court Should Set a Schedule for Summary Judgment Briefing on Plaintiff's FOIA Claim**

In furtherance of his effort to obtain the bid bonds, performance bonds, and payment bonds[2] to which Mr. Neal claims an entitlement, he sent a Freedom of Information Act request to the Executive Office of United States Attorneys (EOUSA).  See Complaint, Exhibit (July 11, 2006 FOIA request).  While the existence of the bonds that he seeks is to say the least, highly suspect, the burden does fall on EOUSA to demonstrate that it has discharged all of its obligations under FOIA.  See National Cable Television Ass'n. Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir.1973).  As most FOIA cases are resolved on summary judgment, this Court has generally requested that, in lieu of a responsive pleading, the defendant agency propose a schedule for the briefing of dispositive motions.  Defendant thus requests that the Court issue a scheduling order for the disposition of plaintiff's FOIA case, whereby defendant EOUSA shall

---

[1] Fed. R. Civ. P. 12(e) permits a party to move for a more definite statement when a pleading is so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading.  While plaintiff's Complaint is hardly a model of clarity, defendants do not believe that seeking a more definite statement is likely to yield a more cogent pleading that complies with Fed R. Civ. P. 8, and believes that a Motion to Dismiss is more consistent with the expeditious resolution of this matter.

[2] These are types of bonds used for large-scale construction projects.

file its Motion to Dismiss on or before September 28, 2006, with plaintiff's opposition due 30 days thereafter (October 30, 2006) and EOUSA's reply due 21 days thereafter (November 20, 2006).

Finally, since the only proper defendant in a FOIA case is the agency, see 5 U.S.C. 552(a)(4)(B), William Stewart should be dismissed as a defendant in this matter.

### III. CONCLUSION

WHEREFORE, plaintiff's Complaint should be dismissed in part, and this Court should enter a scheduling order for the disposition of plaintiff's Freedom of Information Act claim.

Dated:   August 28, 2006

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th St., N.W.
Washington, D.C.  20530
(202) 514-7157

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this 28th day of August, 2006, I caused the foregoing Partial Motion to Dismiss to be served on plaintiff *pro se*, postage prepaid and addressed as follows:

Denard-Darnell Neal
#238443-008
Federal Correction Complex
P.O. Box 1033
Coleman, FL 33521

                /s/
                PETER D. BLUMBERG
                Assistant United States Attorney