# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENARD DARNELL NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-1124 (ESH)** |
| | ) |
| **EXECUTIVE OFFICE FOR UNITED** | ) |
| **STATES ATTORNEYS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT EXECUTIVE OFFICE FOR UNITED STATES ATTORNEY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Executive Office for United States Attorneys ("EOUSA") hereby moves for summary judgment on plaintiff Dernard Darnell Neal's Freedom of Information Act claim in the above captioned matter. EOUSA moves for summary judgment on the basis that there are no material facts in dispute and that the agency is entitled to judgment as a matter of law.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

November 17, 2006                    Respectfully submitted,


                                  _____/s/_____
                                  JEFFREY A. TAYLOR, D.C. Bar #498610
                                  United States Attorney


                                  _____/s/_____
                                  RUDOLPH CONTRERAS, D.C. Bar #434122
                                  Assistant United States Attorney


                      _____/s/_____
                                  PETER D. BLUMBERG, D.C. Bar # 463247
                                  Assistant United States Attorney
                                  United States Attorney's Office, Civil Division
                                  555 4th St., N.W.
                                  Washington, D.C.  20530
                                  (202) 514-7157

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DENARD DARNELL NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 06-1124 (ESH)** |
| | ) |
| **EXECUTIVE OFFICE FOR UNITED** | ) |
| **STATES ATTORNEYS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT EOUSA'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Executive Office for United States Attorneys ("EOUSA") hereby files this

memorandum of points and authorities in support of its Motion for Summary Judgment seeking

judgment as a matter of law on plaintiff's Freedom of Information Act ("FOIA") claim.

**I.    FACTUAL BACKGROUND**

By letter dated July 11, 2005, plaintiff Denard Darnell Neal submitted a FOIA request to

EOUSA.  See Declaration of David Luczynski at ¶ 4.[1]  The request was captioned "Re:

Disclosure of all Criminal Bonds, Bonding or Otherwise as Requested Below – Denard Darnell

Neal Case No. CR-90-03-01-PHX-EHC."  See id. and Ex. A.  Mr. Neal's request stated that it

sought "a full disclosure and release of all records and/or data contained in the files of your

---

[1]David Luczynski is an Attorney-Advisor with the Executive Office for United States Attorneys.  His duties include acting as a liaison with other divisions of the Department of Justice ("DOJ") in responding to requests for information under the FOIA for documents located at EOUSA and the ninety-four United States Attorney's Offices around the country.  Due to the nature of his official duties, he is familiar with the procedures followed by EOUSA in responding to the FOIA request made by Denard Darnell Neal.  See id. at ¶¶ 1-3.

-1-

department and/or agency under my name and/or identifier to my name. This request sought

herein is for Bond Information and/or Commercial Crimes Bonding Information and/or case

Bonding Information and/or Commercial Crimes Bonding Certification." <u>See</u> <u>id</u>. The July 11

letter went on to describe eight different types of documents sought by Mr. Neal, each referring

either to "Bonds" or "Bonding Information." <u>See</u> <u>id</u>.[2]

By letter dated November 8, 2005, EOUSA acknowledged plaintiff's FOIA request.

<u>See</u> Luczynski Dec. at ¶ 5 and Ex. B thereto. EOUSA asked Mr. Neal to identify the specific

United States Attorney's Office where he believed the requested records might be located. <u>See</u>

<u>id</u>. The letter also provided information about search and duplication fees. <u>See</u> <u>id</u>. At the

conclusion of the letter, EOUSA included a note which stated, "[p]lease tell us if you want all

records or just bonds." <u>See</u> <u>id</u>.

By letter dated November 20, 2006, Mr. Neal provided a response to EOUSA. He stated

that he sought "a full disclosure and release of all records and/or data contained in the files of

your department and-or Agency under my name and-or identifier to my name." <u>See</u> Luczynski

Dec. at ¶ 6 and Ex. C. The letter went on to state that, "[t]he records sought specifically but not

limited to are the compiled file containing":

    1) Criminal Case Bonding Information
    2) Commercial Bond Certification
    3) Noted Criminal Case bonding and-or the Bonds which secured the financing

---

[2]Plaintiff's FOIA request for "bonding information" appears related to the claims in his Complaint that the Department of Treasury, through a Uniform Commercial Code "Contract Trust Account," is allegedly holding bonds worth $72 million to which Mr. Neal is the rightful owner. By Memorandum Opinion and Order of September 20, 2006, the Court dismissed all of plaintiff's non-FOIA claims on the basis that, "with the exception of his FOIA claims, the factual allegations are baseless and wholly incredible." September 26, 2006 Memorandum Opinion and Order at 2.

and-or the pledge for the financing of the Criminal Case listed above.
4) The Bonds sough [sic] is the Bid Bond, Performance Bonds, Payment Bonds
5) The District of Prosecution is Phoenix Arizona, year of prosecution is 1991,
Judge is Earl H. Carroll, U.S. Attorney is, W. Allen Stooks.

Id.  By letter dated February 7, 2006, EOUSA acknowledged Mr. Neal's November 20 letter, and

informed plaintiff that requests are generally processed in the order in which they are received by

EOUSA, with the exception of very large requests ("Project Requests"), which generally take up

to nine months to process.  See id. and Ex. D.

By letter dated June 13, 2006, EOUSA informed Mr. Neal that following a search

conducted by the United States Attorneys Office for the District of Arizona, that office was

unable to find any records responsive to his request.  See Luczynski Dec. at ¶ 8 and Ex. E.  Mr.

Neal thereafter appealed to the Office of Information and Privacy ("OIP").  See id. at ¶ 9 and Ex.

F.  Shortly after filing his appeal, but before OIP had the opportunity to review the matter

completely, plaintiff filed his federal court complaint.  OIP thus closed Mr. Neal's appeal.  See

id. at ¶ 10 and Ex. G.   In the Complaint, plaintiff claimed that the United States Department of

Justice had "created bonds in the aggrieved party's identity," valued at $24 million, and that he

(Mr. Neal) has attempted, unsuccessfully, to have these bonds returned to him through the

Freedom of Information Act.  Complaint at 5-6, ¶¶ 1-11.

## II.    <u>STANDARD OF REVIEW</u>

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56,

which provides that the "judgment sought shall be rendered forthwith if . . . there is no genuine

issue as to any material fact."  Fed. R. Civ. P. 56(c).  Where no genuine dispute exists as to any

material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242

(1986).  A genuine issue of material fact is one that would change the outcome of the litigation.

Id. at 248.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing

out to the [Court] -- that there is an absence of evidence to support the non-moving party's case."

Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987),

(quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (emphasis in original)).

   Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, the plaintiff must state specific facts or present some objective evidence that

would enable the court to find he is entitled to relief.  In Celotex Corp. v. Catrett, 477 U.S. 317

(1986), the Supreme Court held that, in responding to a motion for summary judgment, the party

who bears the burden of proof on an issue at trial must "make a sufficient showing on an

essential element of [his] case" to establish a genuine dispute.  Id. at 322-23.

   In an opinion issued the same day as Celotex, the Supreme Court attempted to explain

under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . .
> summary judgment may be granted . . . [T]he mere existence of a scintilla of
> evidence in support of the plaintiff's position will be insufficient; there must be
> evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50, 252.  See Johnson v. Digital Equipment

Corp., 836 F. Supp. 14, 15 (D.D.C. 1993).  In Celotex, the Supreme Court further instructed that

the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut,

but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the

-4-

just, speedy and inexpensive determination of every action.'"  477 U.S. at 327.

FOIA cases are typically resolved on summary judgment.  See Cooper Cameron Corp. v. Department of Labor, 280 F.3d 539, 543 (5th Cir. 2002).  To discharge its burden, the defendant-agency must prove that each document that falls within the class of requested records has either been produced, is unidentifiable, or is exempt.  See National Cable Television Ass'n, Inc. v. Federal Communications Commission, 479 F.2d 183, 186 (D.C. Cir. 1973).  In a FOIA case, the Court typically adjudicates summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe, "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  See also Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).   The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures.  See 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989).

## III.  EOUSA CONDUCTED AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS

### A.    Agency Requirements for Conducting Searches Under the FOIA

To prevail in a FOIA case, an agency must demonstrate that it has not "(1) 'improperly' (2) 'withheld' (3) 'agency records'" Department of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B).  In responding to a FOIA request, an agency is under a duty

to conduct a search reasonably calculated to uncover all relevant documents. Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health, 844 F. Supp. 770, 776 (D.D.C. 1993). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce relevant material. Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986); Perry v. Block, 684 F.2d 121, 128 (D.C. Cir. 1982)

The search standards under FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. See Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "the search need only be reasonable; it does not have to be exhaustive." Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg, 23 F.3d at 551 (emphasis in original) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested." Valencia-Lucena, 180 F.3d at 326 (quoting Oglesby, 920

F.2d at 68); see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency

may prove the reasonableness of its search through affidavits of responsible agency officials so

long as the affidavits are relatively detailed, non-conclusory and submitted in good faith."

Miller, 779 F.2d at 1383; Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1979). Though the

"affidavits submitted by an agency are accorded a presumption of good faith,'" Carney v. Dep't

of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard

Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy

of its search.

      Once the agency has met this burden through a showing of convincing evidence, then the

burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the

agency. Miller, 779 F.2d at 1384. It is insufficient for a requester to attempt to rebut agency

affidavits with purely speculative claims about the existence and discoverability of other

documents. See Carney, 19 F.3d at 813; SafeCard, 927 F.2d at 1200; Maynard v. CIA, 986 F.2d

547, 559-60 (1st Cir. 1993); Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir.

1981).

### B.    EOUSA's Search Efforts

      EOUSA has meet its burden to conduct an adequate search for records response to Mr.

Neal's request. In February 2006, Howard Woodberry, Jr. the FOIA contact for the United States

Attorney's Office for the District of Arizona ("USAO-AZ") (the judicial district in which Mr.

Neal stated that he had been prosecuted, see Ex. C), received Mr. Neal's FOIA request. See

Search Declaration of Howard Woodberry, Jr. at 1 ("Woodberry Dec."). The criminal file

identified by Mr. Neal in his November 20 letter had been closed by that office and shipped to archives located in Perris, California.  See id.; see also id. (noting that Mr. Neal's criminal case had been closed between 1992 and 1993); Luczykski Dec. Ex. C (Mr. Neal's statement that the year of prosecution was 1991).  After receipt of the request, Mr. Woodbury contacted the docketing department for the USAO-AZ.  That department conducted a search in LIONS under the name "Denard D. Neal," which turned up several cases, both civil and criminal.  See id.  The LIONS system is the computer system used by United States Attorney's offices to track cases and retrieve files pertaining to cases and investigations.  Through the LIONS system, the user can access databases which can be used to retrieve information based on the defendant's name, the USAO number (United States Attorney's Office internal administrative number) and the district court case number.  See Luczynski Dec. at ¶ 9.

Mr. Woodberry requested what he believed at the time to be the criminal case file from the Perris, California archives.  See Woodberry Dec. at 1.  He then reviewed the file for any "bond information" but was unable to find responsive records.  See id.

In October 2006, the District of Arizona's docketing department informed Mr. Woodberry that only cases closed (or opened) after 1995 would be listed in the LIONS system. See id.  Cases opened or closed prior to 1995 are listed in the USAO-AZ's "Promise" binder. This binder was searched on October 18, 2006 for Mr. Neal's case number, CR 90-03-01-PHX-ECH.  See id.  At that time, Mr. Woodberry discovered that the file he had previously received from archives and reviewed was a civil appeal file, not Mr. Neal's criminal file.  See id.

Mr. Woodberry then consulted with the District of Arizona's docketing department to determine the location of the criminal file for case number CR 90-03-01-PHX-ECH.  That file

was also located in archives, and the criminal file was retrieved through expedited delivery. See id.

Mr. Woodberry received the criminal file on November 1, 2006. The file consisted of one box of records. See id. The contents of that box included the following:

1. Transcripts of a motion to sever counts, a motion to suppress, trial proceedings and sentencing proceedings, consisting of approximately 300-400 pages;

2. Correspondence, a pre-sentence report (stamped "FOIA Exempt") and other pleadings, consisting of some 200-300 pages;

3. A grand jury transcript (15-20 pages).

Since Mr. Neal's request was captioned as a request for criminal bonding information, see Luczynski Dec., Ex. A, and because the agency's request for clarification resulted in a letter from Mr. Neal that also specifically focused upon "bonding information," see id Ex. C, EOUSA interpreted Mr. Neal's request as only seeking bonding information. See Woodberry Dec. at 2. This interpretation also follows from Mr. Neal's Complaint, in which he alleges that "[a]ggrieved party assert that this is ridiculous that the Justice Dept. would claim that it will take nine months to find the bonds in question." Comp. at 6, ¶ 9 (emphasis added); see also id. at ¶ 10 (claiming that the Justice Department has no intention of providing him with the requested bonds).

Mr. Woodberry reviewed the criminal file retrieved from archives to see if it contained any records or references to criminal bonding information. See Woodberry Dec. at 2. Mr. Woodberry reviewed the 700-800 pages over a period of several hours to find responsive records. See id. He determined that there are no records in the file concerning "bonding information" that would be responsive to Mr. Neal's request. See id.

In addition to his own review, Mr. Woodberry also enlisted the assistance of one of the

-9-

supervisory lead criminal secretaries to review the retrieved records. She also failed to find records responsive to Mr. Neal's request. See id. Finally, one of the criminal AUSAs also reviewed the file, and did not find any responsive records. See id.

Based on: 1) EOUSA's efforts to retrieve archived materials, including a second search when there were questions about the adequacy of the first search and, 2) the agency's efforts to review the documents that were ultimately located to find records responsive to Mr. Neal's request for bonding information, EOUSA submits that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Valencia-Lucena, 180 F.3d at 326. As the agency did not find any documents responsive to Mr. Neal's request, and thus is not improperly withholding agency records, EOUSA submits that the Court should grant its motion for summary judgment. See Tax Analysts, 492 U.S. at 142.

C.    **EOUSA Will Reprocess Plaintiff's Complaint If He Indicates That He Is Interested in Something Other Than Return of The Alleged Bonds**

Based on the correspondence received from Mr. Neal to date and the allegations in his Complaint directed toward the Department of Justice, EOUSA has interpreted his request as seeking a specific category or subset of documents: i.e., bonding information. See Woodberry Dec. at 2; Luczynski Dec., Exs. A and C; Complaint at 5-6, ¶¶ 1-10. If in response to this motion for summary judgment, Mr. Neal indicates that he is actually seeking all documents concerning himself that are in the District of Arizona's files, EOUSA is willing to re-process his request as an "all information about myself in criminal case files request," and re-review the records to produce all non-exempt information, subject to compliance with the agency's fee requirements.

-10-

However, it should be noted that such a request is likely to be a Project Requests, which may take as much as nine months to complete.  See Luczynski Dec., Ex. D (explaining project requests). If Mr. Neal does provide further clarification as to the nature of the documents sought through his request, defendant will address how this case should progress procedurally in its reply memorandum.

Given the nature of plaintiff's Complaint, however, there is also the possibility that plaintiff's "FOIA request" is not actually a request for copies of agency records at all, but rather a means by which Mr. Neal believes that he can recover the $72 million dollars in bid, payment and performance bonds that he believes that the government is wrongfully withholding.  See Complaint at 5, ¶ 2 ("Aggrieved party has attempted to have these bonds that were created in the identity of Aggrieved Party returned to him, via Freedom of Information Act request to the Justice Department.")  Even holding aside the fact this Court has already adjudged these claims about millions of dollar of bonds and identity theft to be "baseless and wholly incredible," the Freedom of Information Act only permits a requester to inspect and obtain copies of records, see 5 U.S.C. § 552(a)(3); it is not a federal "replevin" action by which a requester may seek to recover property that the requester believes that the government has unlawfully seized or is otherwise in the government's possession.  Consequently, if plaintiff's opposition is consistent with the allegations in his Complaint, indicating that his FOIA request is nothing more than a demand for the return of his alleged "bid bond(s), payment bond(s) and performance bond(s)," then the matter should be summarily dismissed, as EOUSA should not be tasked to expend time and resources to search for what are most certainly fictitious records.

-11-

IV.   <u>CONCLUSION</u>

WHEREFORE, defendant's motion for summary judgment should be granted, judgment should be entered for EOUSA on the Freedom of Information Act claims, and final judgment should be entered and the case dismissed with prejudice.  A proposed order is attached.


Dated: November 17, 2006


Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th St., N.W.
Washington, D.C.  20530
(202) 514-7157

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 17th day of November, 2006, I caused the foregoing Motion for Summary Judgment to be served on plaintiff *pro se*, postage prepaid and addressed as follows:

Denard-Darnell Neal
#238443-008
Federal Correction Complex
P.O. Box 1033
Coleman, FL 33521

_____/s/_____
PETER D. BLUMBERG
Assistant United States Attorney