IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENARD DARNELL NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE and EXECUTIVE OFFICE OF )<br>UNITED STATES ATTORNEYS, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:06-CV-1124-ESH |

**DECLARATION OF DAVID LUCZYNSKI**

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Denard Darnell Neal. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. By letter dated July 11, 2005, Plaintiff submitted his FOIA request asking for records containing information about him. **Exhibit A**.

5. EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference number concerning the search, No. 05-3245, by letter dated November 8, 2005. The letter also asked for clarification of which District the requester believes the records are kept. The Plaintiff was also informed that his request will be processed in the order that it was received and could take more time to process than the statutory period. **Exhibit B**.

6. By letter dated November 20, 2005, Mr. Neal provided a response to EOUSA. His response stated that he sought "a full disclosure and release of all records and/or data contained in the files of your department and-or Agency under my name and-or identifier to my name." **Exhibit C**.

7. By letter dated February 7, 2006, EOUSA acknowledged it had received Mr. Neal's Freedom of Information Act/Privacy Act request, and that his request would be placed in the

order in which it was received for processing, unless it was a very large request, in which case it would be treated as a Project Request. **Exhibit D.**

8. By letter dated June 13, 2006, EOUSA informed the Plaintiff that after a search of the District of Arizona, no records have been found responsive to his request. **Exhibit E**.

9. After receiving EOUSA's letter informing him that no records were found, Plaintiff has filed an appeal with the Office of Information and Privacy ("OIP"), received by the OIP on June 30, 2006. **Exhibit F**.

10. Shortly after filing his appeal, but before the OIP had a chance to review the matter completely, Plaintiff has filed this Complaint. The OIP informed him that since this matter has gone before the Court, it is no longer relevant and his appeal will be closed. **Exhibit G**.

## ADEQUACY OF THE SEARCH

11. After receiving Plaintiff's FOIA request (**Exhibit A**), EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contact for the District of Arizona. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Denard Darnell Neal to determine the location of any and all files relating to him in order to comply with the request. The FOIA Contact searched for records from the case files in that case. The FOIA Contact also sent e-mails to the Assistant United States Attorney in the Criminal Division to ascertain whether they had any responsive records. In connection with the search for responsive records to Plaintiff's FOIA request, the FOIA Contact used the computer tracking system for the United States Attorney Offices, the "LIONS" system. The "LIONS" system is the computer system used by United

States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the "LIONS" system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to attempt to locate records based upon the Plaintiff's name but was not successful. All responsive documents to Plaintiff's FOIA request would have been located in the USAO/DAZ. There are no other records systems or locations within EOUSA or DOJ in which other files pertaining to Plaintiff's name were maintained.

12. While the search method described above is a generally accepted way in which a search for records is performed, each search ultimately ends up being unique due to its own specific challenges. As such, only the person that actually performed the search has the most accurate idea of what steps were taken in an attempt to locate records. The detailed account of the actual search performed by the FOIA Contact is attached to this declaration as **Exhibit H**.

## CONCLUSION

13. Each step in the handling of Mr. Neal's request has been entirely consistent with the EOUSA and the United States Attorneys Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

FOIA

CERTIFIED MAIL
CERTIFIED NO    7003 3110 0002 1646 2176

| | |
|---|---|
| AGENCY:/DEPARTMENT: | DIRECT RESPONSE TO: |
| U.S.Department of Justice<br>F.O.I.A./P.A. SECTION, ROOM115 Loc | Denard-Darnell: Neal.<br>( 23843-008)<br>P.O. BOX 1033<br>Federal Correctional Complex<br>Coleman, Florida.33521-1033<br>United States Penitentiary |
| TO:<br>Patricia D. Harris<br>F.O.I.A./P.A. SECTION, Room 115 Loc<br>Justice Management Division<br>U.S. Department of Justice<br>Constitution Avenue and Tenth Street NW<br>Washington, D.C. 20530 | IDENTIFICATION OF REQUESTER:<br>In accordance with 28 CFR §16.41(d) |

RE: DISCLOSURE OF ALL CRIMINAL BONDS, BONDING, OR OTHERWISE AS REQUESTED
BELOW-DENARD DARNELL NEAL-CASE NO.  CR 90-03-01-PHX-EHC

Dated: July 11, 2005

Dear Ms. Harris:

This request is made pursuant to the provisions of the Freedom on Information Act 5 U.S.C. §552 and the privacy Act 5 U.S.C. §552a (d)(1) for a full disclosure and release of all records and/or data contained in the files of your department and/or Agency under my name and/or identifier to my name. Thisrequest sought herein is for Bond Information and/or Commercial Crimes Bonding Information and/or Case bonding Information and/or Commercial Crimes Bonding Certification 5 U.S.C. §552 (a)(2)(A)(B) of records that are secured and maintained by your Department and/or Agency.

The records sought specifically but not limited to are the compiled files containing:

(1) Criminal Case Bonding Information (2) Commercial Bond Certification (3) Noted Criminal Case Bonding and/or the Bond(s) which secured the financing and/or the pledge for the financing of the Criminal Case listed above (4) Certified true and correct copies of the Bond(s) and identification number(s) (5) Certified indication of the amount secured per Bond per each offense charged (6) The expiration date and specified interest for the specified length of time of these Bond(s) (7) Which government body and /or whom or what "person(s)"i.e. corporations,companies, associations, firms, partnerships, societies, joint stock companies, individuals and/or officers (a) secured the Bond(s)  (b) hold the Bond(s) (8) Any and all other records and data concerning the Bond(s) not otherwise exempt by 5 U.S.C. §552 (a)(6)(C),(b)(7), 5 U.S.C. § 552a(j)(2),(k)(2) or law Public Citizens v. Dept. of Justice (1989) 491 U.S.440, 105 L.Ed 2d 377, 109 S.CT. 2552;

-1-



Dept. of Justice v. Reporters Comm.(1989) 489 U.S. 749, 103 L.Ed 2d 774, 109 S.CT. 1448; Detroit Free Press v. Dept. of Justice, 73 F. 3d 93 (1998); F.B.I. v. Abramson, 465 U.S. 615 72 L.Ed 2d 376, 102 S.CT. 2054 (1982) including exemption-u.s.c. §552(b)(3).

If the information, records and/or data requested are place, filed, secured and/or held in a separate, different and/or distinct file by or under another name, number or identifier other than the case docket number and/or identification(s) Listed above I authorize and request your Department and/or Agency to open and/or access that file for all the information, records and/or data requested herein.

It is further requested that your Department and/or Agency in response to all the information requested, specifically inform me if and to what government body and/or to whom and/or what "person" previously described, has been released and/or disclosed any of the information and/or material requested herein, their name, title purpose and need for such information and/or material, the date of release, and the specific information and/or material released and/or disclosed such information and/or material and the specific reference to authority, statute or regulation governing such release and/or disclosure 5 U.S.C. §552a(b)(1)--(12),(c)(1)(4),or law, Abraham &Rose, P.L.C. v. U.S. 138 F.3d 1075 (1998); Ray v. Dept. of Justice 720 F.2d (1983).

Your Department and/or Agency is advised that the Bonding and/or Bond(s) info, data or reports in total are no longer accord exempt status unless under specific exemptions noted, and only with reference to specific citation of authority, Nemetz v. Department of the Treasury,446 F.Supp. 102 (1987);Akins v. Federal Election Com'n, 101 F.3d 731 (1996); Gummoc v. Gore, 180 F. 3d 282 (1999); Solar Sourses Inc. v. U.S., 142 F. 3d 1033 (1998).

I agree to pay any reasonable costs or fees applicable to this request, above and/or beyond the specified allotment of cost or fees applicable at no charge pursuant to The Uniform Practices Cod, The OMB Uniform FOIA Fee Schedule & Guidelines §6(b) Fed Reg 10017, in compliance with 31 U.S.C. § 9701, or if I, am considered indigent, I ask that your Department and/or Agency wave all charges pursuant to 5 U.S.C. §552a(i)(3) et seq.

Pursuant to 5 U.S.C. §552(a)(6)(A)(i), it is noted that your Department and/or Agency has ten (10) working days following receipt of this request to provide me this information and/or material sought. Should any delay occur, it is requested that your department and/or Agency inform me of this delay as provided by 5 U.S.C. §552(a)(6)(B), and the date when your Department and/or Agency will be able to act. In the event that I do not receive the response in the specified time provided by statute, I will then be forced to pursue other remedy, Public Citizen v. F.T.C. 869 F.2d 1541 (1989); Blazy v.Tenet, 194 F.3d 90 (1999); GMRI Inc. v.E.E.O.C.,149 F.3d 449 (1998)

I certify under penalty of perjury under the laws of the United States of America in the nature of [28 U.S.C. §1746(1)], that I have read the foregoing request for information and know the contents thereof, and that the information listed above is true, correct and complete.

Excuted this __12__ day of __July__, 2005

/S/ *Denard-Darnell: Neal. Secured Party*
Denard-Darnell: Neal. SECURED PARTY
Holder-In-Due-Course
Trade Name Owner
UCC Registration No. P506739



**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

NOV -8 2005

Requester: <u>Denard D. Neal</u>          Request Number: <u>05-3245</u>

Subject of Request: <u>Self</u>

Dear Requester:

    Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which <u>prosecution or litigation</u> occurred.

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3©, unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigence does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

    Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

(Page 1 of 2)
Form No. 003B - 6/02



You may appeal my decision in this matter by writing within sixty (60) days, to:

>Office of Information and Privacy
>United States Department of Justice
>Flag Building, Suite 570
>Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

**NOTE: Please tell us if you want all records or just bonds.**

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

(Page 2 of 2)
Form No. 003B - 6/02

CERTIFIED MAIL
CERTIFIED NO. 7004 2890 0002 4430 9239

| | |
|---|---|
| AGENCY-DEPARTMENT: | DIRECT RESPONSE TO: |

U.S. DEPARTMENT OF JUSTICE
F.O.I.A.-PRIVACY ACT UNIT

TO:
Marie A. O'Rourke
Assistant Director
Executive Office For United States Attorneys
Freedom of Information-Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530

Denard-Darnell: Neal.
 23843-008
P.O. BOX 1033
Federal Correctional Complex
Coleman, Florida. 33521-1033
United States Penitentiary-1

RE: DISCLOSURE OF ALL CRIMINAL BONDS, BONDING, OR OTHERWISE AS REQUESTED BELOW-DENARD DARNELL NEAL_CASE NO. CR 90-03-01-PHX-EHC

Dear Ms. O'Rourke:

This request is made pursuant to the provisions of the Freedom of Information Act 5 U.S.C. § 552 and the privacy Act 5 U.S.C. § 552a (d) (1) for a full disclosure and release of all records and or data contained in the files of your department and-or Agency under my name and-or identifier to my name.

The records sought specifically but not limited to are the compiled file containing:

1.) Criminal Case Bonding Information
2.) Commercial Bond Certification
3.) Noted Criminal Case Bonding and-or the Bonds which secured the financing and-or the pledge for the financing of the Criminal Case listed above.
4.) The Bonds sough is the, Bid Bond, Performance Bonds, Payment Bonds
5.) The District of prosecution is, Phoenix Arizona, year of prosecution is 1991, Judge is Earl H. Carroll, U.S. Attorney is, W. Allen Stooks.

Dated: *November 20, 2005*

*Denard-Darnell: Neal. Secured Party*
Denard-Darnell: Neal. Secured Party
23843-008
P.O. BOX 1033
Federal Correctional Complex
Coleman, Florida. 33521-1033
United States Penitentiary



**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

FEB -7 2006

Request Number: 06-207          Requester: Denard D. Neal

Subject: Self(Bonds)

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                            Sincerely,

                            William G. Stewart II
                            Acting Assistant Director

Form No. 001 -6/05





**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

JUN 1 3 2006

Request Number: __06-207__   Date of Receipt: __02/08/06__

Requester: __Neal, Denard D.__

Subject: __Self/DAZ__

Dear Requester:

   In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ] A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2. [X] A search for records located in the United States Attorney's Office(s) for the __District of Arizona__ has revealed no responsive records regarding the above subject.

3. [ ] After an extensive search, the records which you have requested cannot be located.

4. [ ] Your records have been destroyed pursuant to Department of Justice guidelines.

5. [ ] Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

   _____

   This is the final action on this above-numbered request. You may **appeal** this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

   Sincerely,

   William G. Stewart II
   Acting Assistant Director



CERTIFIED MAIL
CERTIFIED NO. 7004 2890 0002 4437 2158

06-2447 FOIA
@ EOUSA
6/30/06

AGENCY-DEPARTMENT:

OFFICE OF INFORMATION AND PRIVACY
UNITED STATES DEPARTMENT OF JUSTICE
1425 New York Avenue, Suite 11050
WASHINGTON, D.C. 20530-0001

DIRECT RESPONSE TO:

Denard-Darnell: Neal.
23843-008
P.O. BOX 1033
Federal Correctional Complex
Coleman, Florida. 33521-1033
Unites States Penitentiary-1


TO: OFFICE OF INFORMATION AND PRIVACY, UNITED STATES DEPARTMENT
    OF JUSTICE:

RE: **F.O.I.A.** APPEAL: DISCLOSURE OF ALL CRIMINAL BONDS, BONDING, OR
    OTHERWISE AS REQUESTED BELOW-DENARD DARNELL NEAL
    CASE NO. CR 90-03-01-PHX-EHC; CR 90-03-01-PHX-RCB:

This request is made pursuant to the provisions of the Freedom of
Information Act 5 U.S.C. § 522 and the Privacy Act 5 U.S.C. § 552a (d)
(1) for a full disclosure and release of all records and data contained
in the files of your department and-or Agency under my name and-or
identifier to my name. This request also is the **appeal** from a
previously filed request with this agency.

The records sought specifically but not limited to are the complied
file (s) containing:

1.) Criminal Case Bonding Information.
2.) Commercial Bond Certification.
3.) Noted Criminal Case Bonding and-or the Bonds which secured the
financing and-or the pledge for the financing of the Criminal Case
listed above.
4.) The Bonds sought are the, Bid Bond, Performance Bond, Payment Bond,
and any and all other Bonds that secured the financing of the Criminal
Case.
5.) The District of prosecution is, Phoenix Arizona, year of prosecution
is 1991, Judge is Earl H. Carroll, U.S. Attorney is, W. Allen Stooks.

Dated: June 22, 2006

*Denard-Darnell: Neal Secured Party*
Denard-Darnell: Neal Secured Party
23843-008 UCC 1-308
P.O. BOX 1033
Federal Correctional Complex
Coleman, Florida. 33521-1033
United States Penitentiary-1

OFFICE OF INFORMATION AND PRIVACY
JUN 30 2006
RECEIVED

F



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642        Washington, D.C. 20530

SEP 2 7 2006

Mr. Denard-Darnell Neal
Register No. 23843-008
United States Penitentiary        Re:    Appeal No. 06-2447
Post Office Box 1033                     Request No. 06-207    DL
Coleman, FL  33521-1033                  BVE:JTR:CIH

Dear Mr. Neal:

    You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records.

    I have been informed that you have filed a Complaint for judicial review of the action of EOUSA in the United States District Court for the District of Columbia.  Inasmuch as this matter is now before the Court, I am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2006).

                                      Sincerely,

                                      Daniel J. Metcalfe
                                      Director

[Received stamp: 2006 SEP 28 PM 2:22 DEPT. OF JUSTICE/EOUSA FOIA/PRIVACY STAFF]

[Stamp: SEP 2 7 2006]

EOUSA

- Declaration of Search -

I, **Howard Woodberry, Jr.** am currently employed with the U.S. Attorney's Office for the District of Arizona and have been since 1986. I'm the FOIA Contact person for the District of Arizona.

On or about February 2006, I received via fax a 9-page FOIA request from the Executive Office for U.S. Attorney's Office regarding Denard D. Neal, FOIA No. 06-207. The request was only for records requested by the requester which were Disclosure of All Criminal Bonds, Or Otherwise As Requested Below - Denard Darnell Neal Case No. CR 90-03-01-PHX-EHC. On page 7 of the fax the requester identified the particular file above.

The criminal file identified by the requester was closed by our office and has been shipped to archives in Perris, California. Lions is a case management system used in our office. I took the following steps to search for the records requested: (1) I contacted our Docketing Department who searched in Lions under the name Denard D. Neal which resulted in two cases, civil and criminal. I requested what I thought was the criminal file from archives; (2) when the file arrived in our office I was notified by our Docketing Department; (3) I reviewed the file for specially any Bond information from the above file received from archives but found none.

On or about April 2006 I prepared and submitted a completed form 010 to EOUSA/FOIA that I had searched for requested documents but found no information responsive to the request.

On October 18, 2006 our Docketing Department informed me with regards to Lions that cases closed (or opened) after 1995 would be listed in Lions. However, listings of cases that were opened or closed prior to 1995 are not located in Lions but are listed in the Promise binder. This binder was searched on October 18, 2006 for the requestor's criminal case of CR 90-03-01-PHX-ECH.

Furthermore, on October 18, 2006 after another review of the FOIA request by Denard D. Neal, I discovered that the original file I received from archives and reviewed was a civil appeal and not the criminal file. I consulted our Docketing Department to ascertain the location of the criminal file CR 90-03-01-PHX-ECH. I was informed that the criminal file was shipped to the archives. Therefore, on 10/18/06 the criminal file was ordered to be returned to this office for review. A request to rush the criminal file to our office was placed to expedite its delivery. Also, I was advised by our Docketing Department that the criminal case in question was closed between 1992 - 1993 which could have meant that the case in question may have been destroyed.

On November 1, 2006, this office received the criminal file from its storage location. Since Mr. Neal's request was captioned as a request for criminal bonding information and because the agency's request for clarification resulted in a letter from Mr. Neal that also focused upon "bonding information," I interpreted Mr. Neal's request as only seeking bonding information. Upon receipt, the contents of the file were thoroughly reviewed to see if they contained any records or reference to records containing criminal bonding information that would be responsive to Mr. Neal's request. I also checked with and had one of our lead criminal legal secretaries who is a Supervisor review the file. She too failed to find any records responsive to the request.

The file received from the archives is made up of one box of records. It contains transcripts of a motion to sever counts, motion to suppress, trial proceedings, plea proceedings, and sentencing proceedings. These records total about 300 - 400 pages. In addition the is various correspondence, a pre-sentence report which is stamped "FOI Exempt" and other pleadings which make up approximately another 200 - 300 pages. There is a one grand jury transcript about 15 -20 pages in length. The search for responsive records took at least a couple of hours to completely go through an estimated total of 700 - 800 pages contained in the box. From the search I performed I would like to indicate that there are no records concerning any criminal bonding information that would be responsive to Mr. Neal's request.

I declare under the penalty of perjury the above is true and correct.

Howard Woodberry, Jr. _____    Date: 11/17/06

