UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Denard-Darnell: Neal )<br>UCC 1-308 Without Prejudice )<br>Aggrieved Party )<br>)<br>Vs. )<br>)<br>JOHN SNOW, etal., )<br>Defendants. ) | Civil Action No. 06-1124 (ESH) |

MOTION TO COMPEL GOVERNMENT OFFICIALS TO PROVIDE
AGGRIEVED PARTY WITH ADEQUATE POSTAGE AND LEGAL
ENVELOPES TO MAIL LEGAL DOCUMENTS TO THE COURT

I, Denard-Darnell, sui juris, of the Neal Family, in my capacity as the Secured Party/Creditor, Holder-In-Due-Course, Trade Name Owner, Record Owner, Internationally Protected MAN upon the soil of Illinois Republic, Arizona Republic, and Florida Republic, and beneficiary of the Original Jurisdiction, do present this documents by Affidavit, waving no powers, Rights or Immunities by use of private, copyrighted Statutes, absent assent and proven by Contract affixed with my proper signature and seal.

STATEMENT OF FACTS

1.) Upon conviction and sentence aggrieved party was remanded into the custody of the United States Attorney General, whether aggrieved party conviction and sentence is illegal or legal is not the issue at hand. The issued at hand is until aggrieved party is released from custody the United States Attorney General must ensure that given the fact aggrieved party is indigent the Attorney General must provide postage stamps and legal envelopes to aggrieved party in protection of aggrieved party First Amendment Right, To Petition The Government For Redress of Grievance as secured by the united states of America Constitution.

2.) Aggrieved Party state, that agents working for the United States Attorney General via the Justice Department and Bureau of Prisons has refuse to provide aggrieved party with any kind of requested assistance.

3.) Aggrieved Party state, that Eddie Laracuente works at United States Penitentiary Coleman-1 as a unit manager of I-unit which is the unit aggrieved party is housed in. Aggrieved party has repeatedly requested postage stamps and legal envelopes from Mr. Laracuente only to be refuse any type of assistance from Mr. Laracuente. See exhibit-A, (Inmate request to unit manger Laracuente for postage stamps and legal Envelopes).

4.) Aggrieved Party state, that any attempt to address this issued via the administrative remedy process has been met with openly and blatantly denial of the truth by Warden Tracy Johns.

5.) Aggrieved Party state, that the Warden response to aggrieved party filed administrative remedy is nothing short of Warden Tracy Johns trying to force aggrieved party into a condition of peonage, the warden suggestion that aggrieved party acquire a prison job and earn money has been tryed by aggrieved party in which aggrieved was denied pay, even after the Regional Counsel and National Counsel order aggrieved party be payed for working, no pay was forth coming. See exhibit-B, (administrative remedies and responses).

6.) Aggrieved Party state, that because the justice dept., has fail to properly supervise its agents within the bureau of prisons, there is no accountability which has allowed government agents to act out of control and criminal. Mr. Laracuente as a unit manager is alloted funds from the inmate trust fund to purchase postage stamps and legal envelopes to provide to indigent inmates such as aggrieved party.

7.) Aggrieved Party state, that Mr. Laracuent has ensure that if an inmate is not spainsh he will receive no legal assistance, the inmate trust fund is being use as the personal slush fund of Mr. Laracuente.

RELIEF SOUGHT

1.) Aggrieved Party request an order directing Warden Tracy Johns to provide postage stamps and legal envelopes to aggrieved party to mail legal documents to the courts.

SOVEREIGN OATH

I, Denard-Darnell, sui juris, of the Neal Family, being a Sovereign American, do DECLARE upon My Word of Honor that the above mentioned is True, to the Best of My knowledge and Belief; also, this Sovereign American DOES SWEAR under the Pains and Penalties of Perjury, under True Illinois, Arizona, Florida Laws, as well as the Laws of the united States of America; and, as a Secured Party and Creditor, I Do give freely of my unlimited Commercial Oath, without Dishonor and without Prejudice, that these documents are True, Correct, Complete, and not Meant to Mislead, before GOD ALMIGHTY.

Dated this 12th day of November 2006 C.E.

By: _Denard-Darnell: Neal Without PreJudice_
    Denard-Darnell: Neal
    Sovereign American Sui Juris
    Secured Party/Creditor
    Holder-In-Due-Course
    Trade Name Owner
    Record Owner

Send all response/Court orders to the below listed mailing location.

> Denard-Darnell: Neal
> 23843-008
> P.O. BOX 1033
> Federal Correctional Complex
> Coleman, Florida. 33521-1033
> United States Penitentiary-1

```
AGGRIEVED PARTY
EXHIBIT-A Civil Action No. 06-1124 (ESH)
MOTION TO COMPEL GOVERNMENT OFFICIALS
```

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Unit Manager Larraguente | DATE: August 7, 2006 |
|---|---|
| FROM: Jerard-Darnell: Neal | REGISTER NO.: 25845-008 |
| WORK ASSIGNMENT: P.M. Yard | UNIT: I |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Because I am indigent I am requesting that I be provided with stamps and legal envelopes. I have an active case in court concerning my criminal charges.

Thank You

(Do not write below this line)

DISPOSITION:

Signature Staff Member          Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94


Printed on Recycled Paper

To: WARDEN, TRACY JOHNS
    846 NE 54th Terrace
    Coleman, Florida. 33521

                ACTUAL AND CONSTRUCTIVE NOTICE

RE: DENIAL OF STAMPS AND LEGAL ENVELOPES TO INDIGENT INMATE:

I, the Undersigned Denard-Darnell: Neal, Secured Party/Creditor state under the laws of perjury of the State of Florida, that the facts contained herein are true, correct, complete and not meant to mislead any human being. On August 8, 2006 during open housed I requested legal envelopes and stamps from unit manager Laracuente to mail legal documents to the Court because I have an active criminal case in Court. Mr. Laracuente refuse to provide me with any requested assistance such as stamps and legal envelopes. I am indigent because I am in F.R.P. refusal status pending judicial review so acquiring a job as suggested by Mr. Laracuente will not resolve my indigent status. Mr. Laracuente has refuse to perform his fiduciary duties in accordance with the terms and conditions of his contract of employment. I am requesting that the Warden Office assist me in gaining the necessary requested stamps and legal envelopes to exercise my right to Petition the Government for Redress of Grievance.

                NOTICE TO PRINCIPAL IS NOTICE TO AGENT
                                 AND
                NOTICE TO AGENT IS NOTICE TO PRINCIPAL

Respectfully Submitted                     Dated: August 9, 2006

*Denard-Darnell: Neal. Secured Party/Creditor*
Denard-Darnell: Neal. Secured Party/Creditor
23843-008 UCC 1-308 Without Prejudice
U.S.P. COLEMAN-1; I-Unit

Response to Request to Staff Member
Neal, Denard
Reg. No. 23843-008
I Unit


This is in response to your Request to Staff Member receipted August 16, 2006, wherein you request to be issued postage stamps and envelopes because you allege you are indigent.

Federal Bureau of Prisons Program Statement 5265.11, Correspondence, indicates inmates who have neither funds nor sufficient postage, and upon verification of this status may receive postage stamps for mailing. A review of your financial transactions revealed since January, 2006, approximately $300.00 have been deposited in your account. Additionally, you are capable of earning more money from your assigned job if you were to elect to participate in the Inmate Financial Program. I strongly urge you to reconsider your decision not to pay your court ordered obligations. White envelopes are provided to inmates during the weekly unit supply issue.

I trust this information responds to your concerns. Please see your unit team if you have any questions or concerns regarding this matter.

_____                _____9-24-06_____
Tracy W. Johns, Warden                                              Date

```
AGGRIEVED PARTY
EXHIBIT-B Civil Action No. 06-1124 (ESH)
MOTION TO COMPEL GOVERNMENT OFFICIALS
```

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Neal: Denard-Darnell__    __23843-008__    __I__    __USP COLEMAN-1__
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

**Part A—REASON FOR APPEAL** The Warden response is the admittance of acts being perpetrat upon my being by criminal government officials under the color of law. I am indigent and require legal envelopes and stamps to mail legal documents to the courts as I have pending cases. The warden response state I should enter into an (illegal) contract in order to be remove from F.R.P. refusal. The warden and unit manager Laracuente are public fudiciarys's and under law have no discretion and must comply with the law, which require that as an indignet inmate I be provided stamps and legal envelops. Unit Manager Laracuente has ensured that all legal materials purchase for I-unit has made its way to the black market, the legal envelopes, type writer ribbons, type writer print wheels and correction ribbons has all been sold on the black market. The warden refused to address unit manager laracuente racism towards black inmates, even after 14 different black inmates signed Declarations to this effect. The warden has not only allow this racism but has help create an environment that has allow unit manager laracuente to not only exhibit his racist behavior but has allow unit manager laracuente to be verbally disrespectful and openly hostile toward black inmates. And because there is a serious lack of discipline among staff at U.S.P. Coleman-1

__November 12, 2006__                    __Denard-Darnell: Neal, Without Prejudice__
        DATE                                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**




_____                              _____
        DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**
                                              CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

BP-230(13)

and given the fact that Mr. laracuente is going to be retired in the Month of November [less than 60 days] Mr. laracuente is doing all that he can to hurt black inmates. The warden response is an act of peonage which is outline in Black's Law Dictionary Pocket Edition 1996 page-476 which states: [Peonage-illegal and involuntary servitude forcing a person to perform labor in satisfaction of a debt]. I am requesting I be provided stamps and legal envelopes to mail legal documents to the courts.

*Denard-Darnell: Neal, Without Prejudice*
Denard-Darnell: Neal
Without Prejudice
23843-008
P.O. BOX 1033
Federal Correctional Complex
Coleman, Florida. 33521-1033
United States Penitentiary-1

U.S. DEPARTMENT OF JUSTICE                                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Neal: Denard-Darnell__   __23843-008__   __I__   __U.S.P. COLEMAN__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** First unit manager Laracuente can not signed off on a BP-8 that is wrote on him, it creates a conflict of interest. Second the other issues in my BP-8 has not been addressed, on July 27, 2006 I requested unit manager Laracuente provide me with one roll of toilet paper because I did not have any. Unit manager Laracuente told me to go find an inmate to give me a roll of toilet paper. I stated to unit manager Laracuente that before I requested toilet paper from him, I had check with otherinmates and nobody had toilet paper because no toilet paper had been issue. Unit Manager Laracuente refuse to provide me with any toilet paper in violation of program statement 5230.05 page 1 thur 3 state the following; page-1 (b), Articles necessary to maintain person hygiene will be provided to inmates. Page-3, examples of Articles to be available would include (s0ap), (tooth brush), (tooth paste or powder), (comb and toilet paper). I have also requested stamps and legal envelopes to mail legal documents to the Courts as I have an active criminal case in Court. Unit manager Laracuente has refuse to assist me in any type of manner and has openly demonstrate his racist attitude towards me as a black man thereby refusing to perform his fiduciary duties in accordance with his contract of employment with

__August 14, 2006__  Also enclosed is 14    __Denard-Darnell: Neal UCC 1-308__
         DATE         Declarations Attach         SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RCVD AUG 30 '06

See attached response.

RCVD AUG 31 (crossed out)

_____                                  _____
      DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                        CASE NUMBER: __424605-__

                                                      CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL

the bureau of prisons. The violation of his contract of employment allow the bureau of prisons the option dismissal for violation of the terms and conditions of the contract employment.
Mr. Laracuente refusal to perform his fiduciary duties constitute fraud upon the UNITED STATES GOVERNMENT for receiving funds without providing the service required via the terms and conditions of contract of employment. Mr. Laracuente also lie about everything which is not only unprofeddional but only hurt the bureau of prisons ability to communicate with inmates in hopes of resolving problems at an institutional level. I am requesting that Mr. Laracuente be order to provide me with stamps and legal envelopes and that Mr. Laracuente be suspended for 14 days without pay for his racist attitude and for violation of program statement 3420.09 which forbids racist and intimidation and threats of inmates. Unit manager Laracuente has been allotted funds from the inmates trust fund to provide inmates who are indigent with stamps; not to provide an inmate with stamps because Mr. Laracuente do not like the inmate race is illegal and constitute the misappropriation of Public Funds.

Dated: August 14, 2006

*There are 14 Declarations Attach as evidence.*

Denard-Darnell: Neal. Sui Juris
23843-008 UCC 1-308 Without Prejudice
U.S.P. COLEMAN-1, I-unit

**Response to Administrative Remedy Case Number 424605-F2**

This is in response to your request for Administrative Remedy received on August 30, 2006, wherein you accuse staff of racism and not performing their professional duties. As relief, you request to receive postage stamps, legal envelopes, and disciplinary action be taken against staff demonstrating a racist attitude toward you.

A careful review of this matter revealed you have provided no evidence and none was discovered to substantiate your allegations of any type of racist attitude from any staff member toward you. Federal Bureau of Prisons Program Statement 5265.11, Correspondence, indicates "inmates who have neither funds nor sufficient postage, and upon verification of this status, may receive postage stamps for mailing". A review of your financial transactions revealed since January 2006, approximately $300.00 has been deposited in your account. Additionally, you are capable of earning more money from your assigned job, if you were to elect to participate in the Financial Responsibility Program. White envelopes are provided to inmates during the weekly unit supply issue.

Accordingly, your Request for Administrative Remedy is **DENIED**. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226 within twenty (20) calendar days from the date of this response.

_____  _____9/18/06_____
Tracy W. Johns, Warden              Date

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Neal: Denard-Darnell__   __23843-008__   __I__   __U.S.P. COLEMAN__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Because Program Statement is not Federal Law, nor can the B.O.P. circumvent federal case law in regard to this situation. The federal courts have said repeatedly that the B.O.P. have no authority to collect any payment. Because I have not payed my F.R.P., I have been placed in refusal status and my commissary spending limited has been restricted by the unit team, counsel Baker and unit manager Laracuente. In accordance with United States Vs. Mortimer, 94 F.3d 89 (CA 1996), the court may not delegate to the B.O.P. the responsibility to devise restitution payment, In United States vs. Albro, 32 F.3d 173, 174 (CA-5 1994), Article III Officer sentencing authority delegated to non-Article III official-unauthorized. In U.S. vs. Prouty, 303 F.3d 1249 (11th Cir. 2002), the Court of Appeals stated that the District Court can not delegate to any other agency the setting of payment scheduled or collection of fines or restitution and that payment by prisoners of fines or restitution is a core judicial function. The B.O.P., cannot force me to take part in any F.R.P., program, nor can the B.O.P. imposed sanctions for my refusal to take part in a voluntary program which the F.R.P. program is a voluntary program. Also to impose sanctions upon me for refusal to take part in the F.R.P. is
                             SEE ATTACHMENT...

__July 12, 2006__                          __Denard-Darnell: Neal - UCC 1-308__
       DATE                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

[RECEIVED stamp: JU... Administrative Remedy Section]

[RECEIVED stamp: AUG 1... Administrative Remedy Section]

_____                          GENERAL COUNSEL
     DATE                                CASE NUMBER: __410152-__
ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**
                                         CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT:_____

_____                          _____
     DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-11    ATTACHMENT

A direct violation of my Fifth Amendment Right to Due Process, sanctions has been impose upon me via the 25 dollars spending limited without any type of hearing because I refuse to volunteer for a voluntary program. The sanction impose upon my commissary spending limited constitute EXTORTION, HARASSMENT as outline in the Federal Debt Collection Procedures Act of 1990 (FDCPA) subchapter 3104 (a), which forbids any government agency (including the B.O.P.) from using harassment tactics as threats of sanctions or abusive language. The B.O.P. is trying to EXTORT money from me that I do not own it. The use of sanctions against me is a EXTORTION tactic because I have not been afforded any type of due process nor have I violated any type of rule which would allow the B.O.P. to impose sanctions upon me. The B.O.P. claim that my Judgment & Commitment gives the B.O.P. authorization to conduct its actions, the B.O.P., unit manager Laracuente and Counselor Baker have been provided notice of my change of status in my citizenship as well as the fact that the Judgment & Commitment, Presentence Report, Criminal Complaint, Superseding Indictment, Redacted Superseding Indictment is no longer the property of the Federal Courts, United States Attorneys Office, Department of Justice or the Bureau of Prisons. I have register the documents with the Iowa State Commercial Registry as my property as well as my name which is protected, see attachments; The B.O.P. cannot rely on documents that it or any other Federal agency (including the Federal Courts) do not own any more to grant it (B.O.P.), any type of authorization or jurisdiction to act against me. The B.O.P. and its staff should be mindful that under 42 U.S.C. 1983, immunity will not attach to judicial action when by those actions, they knowingly violated well established statutory law, i.e. 18 U.S.C. 3663 (f) and (d) or when they knowingly circumvent the Federal Rules of Civil Procedure mandated in 28 U.S.C. 3001. The B.O.P. lack Article III authority and lack standing in law to force me to take part in the F.R.P. program, I am requesting that my commissary spending limited restriction be remove immediately. Also the B.O.P. cannot bring forth any type of judgment & commitment that show , I own the B.O.P. any thing nor has any claim been file against me on behalf of the B.O.P. which has resulted in a judgment against me on behalf of the .O.P.!!!!

Dated: July 12, 2006

Denard-Darnell: Neal, Sui Juris
Denard-Darnell: Neal. Sui Juris
23843-008, UCC 1-308 Without Prejudice

**Administrative Remedy No. 410752-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you allege the Bureau of Prisons (BOP) does not have the authority to collect payments through the Inmate Financial Responsibility Program (IFRP). As relief, you request your commissary spending limit restriction be removed.

Our review reveals that the Warden and Regional Director adequately and thoroughly addressed the issue you raised. P.S. 5380.07, *Financial Responsibility Program, Inmate*, establishes a voluntary program through which inmates work with staff to develop a plan to meet their financial obligations, including court ordered felony assessments, costs, and restitution. One of the primary goals of the IFRP is to further rehabilitation through financial responsibility. The IFRP was developed in response to laws which require all law enforcement agencies to make a diligent effort to collect court ordered financial obligations.

As noted in your response from the Regional Director, the court ordered you to immediately pay a restitution of $11,178.00. Under the IFRP, the Bureau is providing you with an opportunity to demonstrate financial responsibility by addressing your financial obligation. On September 27, 2004, you were placed in FRP REFUSE status. We encourage you to work with your Unit Team regarding you current IFRP status, otherwise this will remain until your release or it is complete. Accordingly, your appeal is denied.

October 18, 2006
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Neal: Denard-Darnell__        __23843-008__     __E__       __U.S.P. COLEMAN__
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT           INSTITUTION

Part A—REASON FOR APPEAL The BP-10 response was not address by the institution (U.S.P. COLEMAN). I can not change my pay grade once it is assigned by staff second I can not change my work assignment or duties, only staff can change a pay grade or work duties. No one at U.S.P. COLEMAN had any intentions of paying me including A.W. POTTS, because of the misapporpriation of the inmate trust fund allotted to the recreation dept. thereby misapporpriate public funds to use as rec staff see fit not as program statement require. AT first rec staff was saying there was no funds in the budget to pay me or other inmates yet rec staff has been able to pay other inmates who do not work in rec to referee basket ball and base ball games and now A.W. Potts has tryed to help cover up the fact that the rec staff has misapporpriate funds from inmate trust fund, because of my filing of this remedy I was fired from the rec dept. and case manager Ortiz destroyed the first BP-8 I file on this issue, I would like to know what is happening to the money that the rec dept. has been allotted because the staff in the rec dept. is not paying inmates that work in the rec dept. also I would like to be payed my back pay because to this date I have not been payed.

__May 19, 2005__        May 24, 2005           _Denard-Darnell: Neal_
DATE                                            SIGNATURE OF REQUESTER

Part B—RESPONSE

---

_____                                _____
DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __306238-A1__
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
C—RECEIPT
                                              CASE NUMBER: _____

O: _____     _____     _____     _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT         INSTITUTION
r: _____

_____        [logo]         _____
DATE                                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)

**Administrative Remedy No. 366238-A1**
**Part B - Response**

You contend you have not received performance pay for work in the recreation department.

The Regional Director referred this issue back to the institution for further investigation. Given this, you should be receiving additional information from institution staff regarding the issue of performance pay. If you are not satisfied with the results of this additional investigation, you may submit another Request for Administrative Remedy at the institution level.

This response is for informational purposes only.

_July 21, 2005_
Date

Harrell Watts, Administrator
National Inmate Appeals