UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


RECEIVED
JAN 0 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Denard-Darnell: Neal   )
UCC 1-308 WITHOUT PREJUDICE   )
AGGRIEVED PARTY, PLAINTIFF   )
)   CIVIL ACTION NO. 06-1124-(ESH)
Vs.   )
)
JOHN SNOW, et al.,   )
   Defendants.   )

---

### PLAINTIFF OBJECTION TO DEFENDANT'S RESPONSE
### AND PLAINTIFF MOTION FOR SUMMARY JUDGMENT

---

I, Denard-Darnell, sui juris, of the Neal Family, in my capacity as the Secured Party/Creditor, Holder-In-Due-Course, Trade Name Owner, Record Owner, Internationally Protected MAN upon the soil of Illinois Republic, Arizona Republic, and Florida Republic, and beneficiary of the Original Jurisdiction, do present this documents by Affidavit, waving no powers, Rights or Immunities by use of private, copyrighted statutes, absent assent and proven by contract affixed with my proper signature and seal.

### STATEMENT OF FACTS

1.) All cases pertaining to plaintiff in Federal District Court, District of Arizona are civil and commercial, as require by 27 C.F.R. 72.11.

2.) The defendant state that a search was conducted in the LIONS system in plaintiff name, and no Bonds were found. Plaintiff state that this search conducted was nothing short of a ruse for the Court and plaintiff. It do not make any sense to keep Bonds that were created for one purpose, to generated revenue/income for the Justice Department so a search of the system the United States Attorneys use would turn up nothing, the bonds have been sold so it would make perfect sense that the bonds requested by plaintiff are no longer in the defendants custody.

3.) The defendants in their motion summary judgment (STATEMENT OF MATERIAL FACTS NOT IN DISPUTE-Page-3 sentence-12), the defendants use the word interpreted in regards to what the defendants believe plaintiff was requesting. The information plaintiff was requesting is type out in simple and plain english language, therefore the defendants attempt to interpreted plaintiff intentions or request in nothing but the U.S. Attorney office attempt to create and use derivatives. If there was any misunderstanding about plaintiff F.O.I.A. request then the defendants could have contacted plaintiff for clarity as plaintiff requested within plaintiff F.O.I.A. request to defendants.

4.) Plaintiff state, that the defendants (MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT-Page-2, second paragraph) the defendants state that a letter dated November 8, 2005, by the EOUSA acknowledged plaintiff F.O.I.A. request. The letter included a note which stated to plaintiff ([p]lease tell us if you want all records or just bonds.").

5.) Plaintiff **state,** that the letter itself dated November 8, 2005, by the EOUSA to plaintiff acknowledged that the Justice Department was aware of plaintiff request and that the human beings working in the EOUSA was more than aware that bonds are being wrote on human beings, after all it was their own letter to plaintiff which requested plaintiff to identify if plaintiff wanted records or bonds. Plaintiff state that in order for the EOUSA to make such a request, there had to be knowledge of said bonds within the EOUSA and this knowledge of the bonds requested by plaintiff was acknowledge by the defendants via their letter to plaintiff dated November 8, 2005.

6.) Plaintiff state, that at the bottom of page-2 of defendants brief (MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT), the footnote 2, the defendants make the assertion that, (Plaintiff F.O.I.A. request for "bonding information" appears related to the claims in his Complaint that the Department of Treasury, through a Uniform Commercial Code "Contract Trust Account", is allegedly holding bonds worth $72 Million to which Mr. Neal is the rightful owner.).

7.) Plaintiff state, that a serious review of plaintiff complaint will reveal that no were in plaintiff complaint is plaintiff linking the Treasury Department to the bonds requested via plaintiff F.O.I.A. request to the defendants at EOUSA. The defendants in the attempt to defend against plaintiff F.O.I.A. request and complaint has cause a link to be made to the bonds and the Treasury Department, only the defendants are not being honest with the Court and is intentionally hiding evidence from the Court in its attempt to defeat plaintiff complaint.

8.) Plaintiff state, that the bond forms are printed by the General Services Administration which is abbreviated GSA. The GSA is under the "Comptroller of the Currency" which is under the General Accounting Office, the GAO. The "Comptroller of the Currency is directly under the Department of Treasury.

9.) Plaintiff state, that it is the Department of Treasury that provides the list of insurance companies in which the United States Attorney's do business with in regards to the creating, writing, insuring and selling the bonds in relation to plaintiff. The only way the defendants could have made such a link from the bonds requested via plaintiff F.O.I.A. to the Treasury Department is the defendants has to have prior knowledge in regards to the Treasury Department, is that the defendants knew the bonds were created, wrote, insured and sold.

10.) Plaintiff state, that the defendants attempts to link plaintiff F.O.I.A. request to the claims outline in plaintiff complaint in regards to the Treasury Department comes up short, there is no link made by plaintiff via plaintiff complaint and even though plaintiff knew about the link, plaintiff intentionally did not make link in his complaint for one reason only, and that was to give the EOUSA the chance to be honest and forthcoming with the Court as well as with Plaintiff, it is now obvious that the defendants have no intention of being honest or forthcoming with the Court as well as plaintiff.

11.) Plaintiff state, that a genuine issue of material fact do exist given the fact that the charging document (complaint) was bonded by the U.S. Attorney which plaintiff was and continue to be held as the surety for the bonds that were sold in plaintiff identity.

12.) Plaintiff state, that the defendants claim that the defendants has met its burden is not true. The defendants search the LIONS system for the bonds knowing that the bonds has been sold to private insurance companies therefore the bonds would not be located within the LIONS system.

13.) Plaintiff state, that the defendants search a system were the defendants knew the bonds would not be present. Had the defendants made a real effort then they may have found the bonds by searching the C.U.S.I.P. (COMMITTE ON UNIFORM IDENTIFICATION PROCESS), which is located in the Depository Trust Corporation at 55 Water Street New York City. C.U.S.I.P., is also known by the following names: DTCC: DEPOSITORY TRUST CLEARING CORPORATION; MSCC: MUTUAL SECURITIES CLEARING CORPORATION; NSCC: NATIONAL SECURITY CLEARING CORPORATION; GSCC: GOVERNMENT SECURITIES CLEARING CORPORATION.

14.) Plaintiff state, that a contractor or an corporation tender a Bid Bond to the U.S. District Court, then the contractor or corporation purchase the Court Judgments. The Bid Bond require a reinsurer who acts as surety, which then allow for a Performance Bond. The Preformance bond is underwritten by either an Investment Broker or an Investment Banker, the Performance Bond is reinsuring the Bid Bond. The underwriter (Investment Broker or Investment Banker), then takes the three bonds (Bid Bond, Performance Bond, Payment Bond), and pool them into what is known as MBS= MORTGAGED BACK SECURITIES, THE Bonds are then sold to a company called TBA which is a Bond Market Association.

15.) Plaintiff state, that had the defendants conducted and adequate search and retrieve the Bonds it would have change to outcome of this litigation. Thereby a genuine issue of material fact do exist.

16.) Plaintiff state, that in order for the defendants to discharge their burden under law the following requirements must be proven, each document requested must either been produced, is unidentifiable, or is exempt.

17.) Plaintiff state, that no documents has been produced, that all documents requested are identifiable and none of the documents requested are exempt. The defendants has no justifications for refusal to provide the requested documents outside of the plain truth, that the Justice Department is openly engaging in the systematic slavery of American Citizens, and just like slavery of America past the Justice Department is using the same motive [economics] which was the very same motive that fuel slavery in America past.

18.) Plaintiff state, that outside the ten square miles of D.C., all District Court lack Article III Criminal Jurisdiction and operate under the Negotiable Instrument Law in accordance with Supreme Court Ruling in Thompkins Vs. Erie Railroad; as well as 27 C.F.R. 72.11 ALL CRIMES ARE COMMERCIAL.

19.) Plaintiff state, that the Supreme Court case, Thomas S.Williams vs. United States, 77 L.Ed 1372-1385 forbids the United States of being a party to a suit, an Criminal action is a suit, so the question is why would the United States via the U.S. Attorneys seek an action against any citizen of America when it is forbided, the answer is simple, the generation of economics (revenue) for the United States (hence Slavery).

20.) Plaintiff state, that the U.S. Attorney that prosecuted plaintiff and the United States District Court in Phoenix Arizona knowingly and willingly committed Treason. The defendants claim they have review both criminal and civil records of plaintiff, there is no criminal records in regards to plaintiff federal action, all federal action against plaintiff is civil or commercial which is one in the same. (27 C.F.R. 72.11).

21.) Plaintiff state, that the defendants would have the Court believe that the defendants conducted and adequate search in regards to plaintiff F.O.I.A.; Plaintiff assert that for the defendants to search records, data bases or systems (LIONS) knowing that the documents requested by plaintiff will not be found is by no means and adequate search being conducted. How can a person go to a meat factory were only meat is sold and attempt to buy milk and when no milk can be purchase at the meat factory claim that the grocery store did not have any milk. The defendants knew their search would not turn up the bonds plaintiff seek thereby no adequate search has been conducted by defendants.

22.) Plaintiff state, that the defendants claim to have made a good faith effort to locate the requested documents. The defendants did not contact any of the underwriters (Investment Broker or Investment Banker), in an attempt to locate the bonds, the defendants search a system knowing the system do not have the bonds that are being requested by Plaintiff, and yet the defendants would try and trick the court and plaintiff that a good faith effort was made in the search of useless records and systems. Trickery has never been a part of good faith so what good faith effort can the defendants proscribed to.

23.) Plaintiff state, that the defendants has engaged in slavery in regards to plaintiff illegal and unlawful conviction in federal Court and the defendants has not made an adequate search to find and retrieve the bonds wrote in plaintiff identity. No were in any Declaration, paper, motion, do the defendants denied that the bonds plaintiff seek were created, wrote and sold, the defendants only state that they can't find the bonds which is understandable given that the bonds have been sold.

24.) Plaintiff state, that the defendants would allude to the value of the bonds as $72 Million Dollars in an attempt to have the Court believe that the plaintiff is only seeking the value of the bonds. For the RECORD, plaintiff only seek the value of the bonds as an alternative to the bonds not being return to plaintiff, plaintiff first concern in regards to the bonds is plaintiff FREEDOM.

25.) Plaintiff state, that the defendants would have the Court believe that plaintiff claim in regards to the bonds would cause the defendants to search for records that don't exist. Yet the General Service Administration (a government agency) is the agency who print and issue these bonds to other government agencies for there use. The statement made on Page-11, of defendants response is all telling. The defendants state, (If Mr. Neal does provide further clarification as to the nature of the documents sought through his request, defendants will address how this case should progress procedurally in its reply memorandum). The defendants state that plaintiff F.O.I.A. request is a request for fictitious records, and yet the defendants state that, if Mr. Neal does provide further clarifications as to the nature of the documents; why would the defendants expect plaintiff to provide further claification of documents that the defendants has stated do not exist, in the defendants words (fictitious records).

26.) Plaintiff state, that the defendants know exactly what records plaintiff seek and the defendants know that the bonds do exist, the problem is this. The defendants never expected plaintiff to find out about the bonds and second the defendants never expected plaintiff to openly challenge the Justice Department and so boldly expose the truth. This is why plaintiff name has been remove from any system that would show plaintiff name being link to the bonds or any debt the United States have fraudulently assigned to plaintiff (including allege criminal charges). Plaintiff state that plaintiff family attempted to log on the District Court of Arizona were plaintiff have an active Appeal ongoing, there is no way to access plaintiff name or case number to pull up plaintiff case, name or file. This problem is not limited to the Federal Court, plaintiff Mother and Sister has attempted to provide plaintiff with a credit report which would show and and all outstanding debt attach to plaintiff name and yet not one but all three credit bureaus have no record of plaintiff and plaintiff Mother have been told by personnel working all three credit bureaus that plaintiff do not exist. Plaintiff name, social security number, case number, and files have been remove from any and all computer systems, this is not an accident this action has the Justice Department written all over it.

27.) Plaintiff state, that the defendants claim that the bonds are not real lack merit given the fact that the General Service Administration issue the bonds. Also for the sake of argument even if the bonds can not be located, why have'nt the defendants release the information and documents on who provided the Financing of the Criminal Case and a copy of the Certified Audit trail and or the pledge for the Financing of the Criminal case. This information was also requested via plaintiff F.O.I.A. request; as well as cited in the defendants motion for summary judgement top of page-3.

28.) Plaintiff state, that the Declaration of DAVID LUCZYNSKI and the Declaration of HOWARD WOODBERRY, Jr., do not declare that the bonds were never created, written or sold in plaintiff identity, the Declarations only declare that a search of files and records systems did not yield the requested documents.

29.) Plaintiff state, that if defendants provide the certified audit trail which was requested by plaintiff, then this issue (F.O.I.A.) can be resolved in accordance with the terms and conditions outline in the plaintiff, OFFER OF SETTLEMENT, see attachment-B.

## RELIEF SOUGHT

30.) Plaintiff state, that the Sixth Amendment secured plaintiff right to FULL DISCLOSURE of any and all accusation against plaintiff. Plaintiff was never given notice of the Nature and Cause of the Accusation levy against plaintiff thereby violating Plaintiff absolute, unalienable, imprescriptable, fundamental rights.

31.) Plaintiff state, that the defendants has engaged in international securities fraud vial the creating of and selling of bonds in the identity of plaintiff in violation of plaintiff absolute, unalienable, imprescriptable, fundamental rights to be secure in ones persons, property, papers, and effects as secured by the Fourth Amendment.

32.) Plaintiff state, that the defendants actions in creating and selling bonds in the identity of plaintiff and using plaintiff body as the surety for said bonds constitute slavery and involuntary servitude in direct violation of the thirteen Amendment of the Constitution and the direct violation of Plaintiff Denard-Darnell: Neal Human Rights in accordance with the Universal Declaration of Human Rights, Article-1; Article-2; Article-3; Article-4; Article-5; Article-6; Article-7; Article-8; Article-9; Article-10; Article-11; Article-12; Article-13; Article-14-(1)-(2); Article-15-(1)-(2); Article-16-(1)-(2)-(3); Article-17; Article-18; Article-19; Plaintiff remind the Court that United States is a signature to the Universal Declaration of Human Rights as outlined in the United Nations Charter and all member Countries are bound to said Charter.

33.) Plaintiff state, that the value of the bonds is $72 Million Dollars and said bonds in the identity of plaintiff is the SOLE property of plaintiff and upon failure of the defendants to return said bonds plaintiff seek a jury trial to determine damages to be awarded to plaintiff.

## IN CONCLUSION

Plaintiff state that the U.S. Attorney's acting as agents for the Attorney General and/or Justice Department has not acted in Good Faith sense the inception. The criminal and illegal prosecution of a Sovereign American in order to secure bonds in the accused identity constitute HIGH TREASON as well as engaging in SLAVE TRADING, SECURITIES FRAUD, violation of Due Process, violation of Plaintiff Denard-Darnell: Neal Human Rights, and yet the U.S. Attorney office would have the Court believe that the U.S. Attorney has acted in good faith. The Court can not grant summary judgment when the defendants has clearly violated numerous laws that govern the very office the defendants represent. Plaintiff seek summary judgment on the above cited reasons.

Dated: *December 27, 2006*

*Denard-Darnell: Neal. Without PreJudice*
Denard-Darnell: Neal. Without Prejudice
Secured Party/Creditor
Holder-In-Due-Course
Trade Name Owner
Record Owner
Sovereign American

Send all response/Court Orders to the below listed mailing Location.

DENARD DARNELL NEAL
23843-008
P.O. BOX 1033
Federal Correctional Complex
Coleman, Florida. 33521-1033
United States Penitentiary-1