UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENARD-DARNELL NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN SNOW, )<br>Secretary of the Treasury, *et. al.* )<br>)<br>Defendants ) | Civil Action No. 06-1124 (ESH) |

**DEFENDANT'S REPLY TO "PLAINTIFF'S OBJECTION
TO DEFENDANT'S RESPONSE" AND RESPONSE TO
"PLAINTIFF MOTION FOR SUMMARY JUDGMENT"**

## INTRODUCTION

On November 17, 2006, Defendant, Executive Office for United States Attorneys ("EOUSA"), by and through its undersigned attorney and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moved for summary judgment in its favor in this case. On January 5, 2007, Defendant received *Plaintiff's Objection to Defendant's Response and Plaintiff Motion for Summary Judgment* ("Plaintiff's Opposition"). Defendant hereby responds to Plaintiff's Opposition.

## DISCUSSION

Based upon numerous statements in Plaintiff's Opposition, it appears that Plaintiff's "FOIA" request is not truly a request for agency records, but, actually represents an effort to recover alleged property (i.e. $72 million dollars in bid, payment and performance bonds) that he believes the government is wrongfully withholding. See, e.g. Docket Entry 21 at p. 1, ¶2 ("... the bonds requested by plaintiff are no longer in the defendants custody"); p. 3, ¶ 11 ("... plaintiff

was and continue[s] to be held as the surety for the bonds that were sold in plaintiff identity"); p. 4, ¶12 ("[t]he defendants search the LIONS system for the bonds knowing that the bonds has been sold to private insurance companies therefore the bonds would not be located within the LIONS system"); and p. 8, ¶33 ("... upon failure of the defendants to return said bonds plaintiff seek a jury trial to determine damages to be awarded to plaintiff").

Even assuming that such bonds actually existed, the Freedom of Information Act only permits a requester to inspect and obtain copies of records. See 5 U.S.C. § 552(a)(3). To the extent that the Plaintiff is attempting to use the FOIA process as a federal "replevin" action to recover bonds that he alleges were unlawfully seized or are otherwise in the government's possession, the Plaintiff's FOIA request is improper and should be summarily dismissed.

Even assuming that Plaintiff is actually requesting only records related to such bonds, the Court has already adjudged his allegations regarding these bonds to be "baseless and wholly incredible." Docket Entry 11 at p. 2. In his opposition, Plaintiff does nothing more than continue to offer fantastical and unsupported claims that various components of the United States government created and sold millions of dollars of bonds under his name and identity and conspired to incarcerate him to facilitate this fraud. See, e.g. Docket Entry 21 at p. 3, ¶¶ 9, 11; p. 7, ¶ 28; and p. 8, ¶32.[1] Notably, Plaintiff does not dispute that EOUSA's records do not contain

---

[1] Plaintiff has not even filed a responsive statement of material disputes of fact, per Local Rules 7(h) and 56.1. Instead, Plaintiff filed a "statement[s] of facts," that neither corresponds to the Defendant's Statement of Material Facts, nor cites any evidence for support. At times, Plaintiff also comingles his statement of facts and his arguments. This is insufficient to withstand summary judgment. See SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) ("If the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement.'").

any such bonds or related records, but argues that the reasons for this dearth of records is because "the bonds have been sold so it would make perfect sense that the bonds requested by plaintiff are no longer in the defendants custody" and the Plaintiff's name "has been remove[d] from any system that would show plaintiff name being link[ed] to the bonds." Docket Entry 21 at p. 1, ¶2 and p. 7, ¶26. He also argues that EOUSA should have searched the records of a company named the "Committee on Uniform Identification Process" and the "underwriters (Investment Broker or Investment Banker)" for these alleged bonds. Docket Entry 21 at p. 4, ¶13 and p. 6, ¶22. Given the Court's prior determination that such allegations are "clearly baseless," EOUSA should not be required to expend any additional time and resources searching for bonds and related documents that are almost certainly fictitious records. Docket Entry 11 at p. 1.

Even if there were any basis in fact to Plaintiff's allegations, under FOIA, EOUSA has no duty to re-create documents that have been destroyed or are no longer in its possession, nor is it required to produce documents that are in the possession of private parties. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989) (to qualify as an "agency record" subject to FOIA disclosure rules, the "agency must 'either create or obtain' the requested materials," and "the agency must be in control of [them] at the time the FOIA request is made"), quoting Forsham v. Harris, 445 U.S. 169, 182-83 (1980); Maynard v. C.I.A., 986 F.2d 547, 564 (1st Cir. 1993) ("'The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.'"), quoting Miller v. United States Department of State, 779 F.2d 1378, 1385 (8th Cir. 1985).

As set forth in the Defendant's motion for summary judgment and the attached declarations, EOUSA has established that it has "made a good faith effort to conduct a search for

3

the requested records, using methods which can be reasonably expected to produce the information requested." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999). It has also demonstrated that it did not find any documents responsive to Plaintiff's request, and thus is not improperly withholding agency records. Plaintiff's Opposition fails to set forth any specific, material facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."); Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1987) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them.").

## CONCLUSION

Accordingly, for all of the foregoing reasons, and for the reasons detailed in Defendant's motion for summary judgment, Plaintiff has failed to state a claim upon which relief can be granted and his FOIA complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ _____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)
quan.luong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S REPLY TO "PLAINTIFF'S OBJECTION TO DEFENDANT'S RESPONSE" AND RESPONSE TO "PLAINTIFF MOTION FOR SUMMARY JUDGMENT"** was filed via the Court's electronic filing system and a copy mailed to pro se Plaintiff by first class postage prepaid to:

    Denard-Darnell Neal
    #238443-008
    Federal Correction Complex
    P.O. Box 1033
    Coleman, FL 33521

on this 11th day of January, 2007.

    _____
    QUAN K. LUONG
    Special Assistant United States Attorney
    555 Fourth Street, N.W., Room E-4417
    Washington, D.C. 20530
    (202) 514-9150 (telephone)
    (202) 514-8780 (facsimile)
    quan.luong@usdoj.gov