UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

FEB - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Denard-Darnell: Neal,         )
UCC 1-308 WITHOUT PREJUDICE   )
AGGRIEVED PARTY/PLAINTIFF     )
                              )
        Vs.                   )   Civil Action No. 06-1124 (ESH)
                              )
JOHN SNOW, et al.,            )
Defendants.                   )
                              )

---

PLAINTIFF REBUTTAL/OBJECTIONS TO DEFENDANTS MOTION
FOR SUMMARY JUDGMENT/PLAINTIFF MOTION FOR SUMMARY JUDGMENT.

---

I, Denard-Darnell, sui juris, of the Neal Family, in my capacity as the Secured Party/Creditor, Holder-In-Due-Course, Trade Name Owner, Record Owner, Internationally Protected MAN upon the soil of Illinois Republic, Arizona Republic, and Florida Republic, and beneficiary of the Original Jurisdiction, do present this documents by Affidavit, waving no powers, Rights or Immunities by use of private, copyrighted Statutes, absent assent and proven by contract affixed with my proper signature and seal.

STATEMENT OF REBUTTED FACTS

1.) Plaintiff states, that the defendants motion for summary judgment is meritless and lack any substance or founding in any law in regards to the freedom of information and privacy act of 1974.
2.) Plaintiff states, that the defendants has intentionally tryed to mislead the Court into believing that Plaintiff has fail to present any facts that would lead to the bonds in question.
3.) Plaintiff states, that the defendants could only be granted summary judgment had the defendants met any requirements of the law and/or the request made to defendants via plaintiff F.O.I.A. request. The defendants has fail/intentionally refused to comply with any of plaintiff F.O.I.A. request thereby violating the very law that governs their agency.

4.) Plaintiff states, that the defendants has not produced a single sheet of paper in regards to plaintiff F.O.I.A. request as require by the enacting statute of November 21, 1974, and yet the defendants would have the court believe that they are entitled to summary judgment.

5.) Plaintiff state, that the defendants cite cases that deals with F.O.I.A., issues, but not one case cited by the defendants repeal, exclude, or do away with the statute requiring government agencies to make available records maintain within there agency.

6.) Plaintiff state, that the defendants would have the Court believe that multi-million bonds that were created by the U.S. Attorney office in Phoenix Arizona in regards to plaintiff illegal criminal prosecution in which the bonds in question were sold to private insurance companies and nobody at the U.S. Attorney offices in Phoenix Arizona, or the Justice Department has records of this transaction is no sense.

7.) Plaintiff state, that the defendants have no record of the funding allocated to the U.S. Attorney office to pay for plaintiff criminal trial (Plaintiff did not plea out, there was a trial), as requested via plaintiff F.O.I.A., yet the defendants has refuse to provide the plaintiff with copies of the certified Audit Trail.

8.) Plaintiff state, that the defendants attempted trick to use excerpts from plaintiff briefs is as stated above (a trick). Plaintiff is aware that the defendants has sold plaintiff bonds, that was the very reason for the creation of such bonds. Records that detail the sale of the bonds and who the bonds were sold to are still within the justice Dept., as well as the records of the certified Audit trial.

9.) Plaintiff state, that the defendants would attempt to place the burden upon plaintiff to sustain this action, no the burden rest upon the non-complying agency as outline in the statute governing the F.O.I.A., see exhibit-A.

10.) Plaintiff state, that the defendants claim has fail to rebutt any of the defendants actions, plaintiff has rebutted the defendants false claim of a record search as well as all other claims made by the defendants, given the fact that defendants has not produce any type of documentation including the certified Audit trail which the defendants has not made any attempt to address and yet defendants make claim to summary judgment.

11.) Plaintiff state, that even for the sake of arguendo and there is no way to locate the bonds, the defendants has not provided the certified Audit trail. The defendants do not want to provide plaintiff with the certified audit trail for fear that the audit or financing of plaintiff illegal criminal prosecution will show beyond any doubt that the Justice Dept., has and continue to engaged in the illegal and inhumane trafficking in American Citizens as **Slaves**.

12.) Plaintiff state, that the defendants would claim no knowledge of the bonds in question and yet the defendants were offer a way to settle and resolve this issue. Plaintiff offer of settlement would allow the defendants to put this issue to rest, the defendants claim no knowledge of the bonds of the bonds in question, plaintiff openly challenge the defendants to prove that their supposing lack of knowledge is true, plaintiff state that an Affidavit signed and notarized by a notary public as outlined in plaintiff OFFER OF SETTLEMENT would not only end this issue but would also prove to the Court that there is truth and honestly behind the defendants actions. The failure to provide plaintiff with an Affidavit as outline in plaintiff OFFER OF SETTLEMENT can only mean one thing, the defendants are lying and engaging in criminal activity under the color of law, with the hopes of the Court turning a blind eye to this situation.

13.) Plaintiff state, that the defendants would have the Court believed that plaintiff is pursuing this issue for 72 million dollars, the value of the bonds. Plaintiff state that 72 million dollars is not worth the price of 17 years of plaintiff life in prison illegally.

14.) Plaintiff state, that the defendants selling of the bonds on plaintiff generate revenue for the defendants in the sum of 72 million dollars plus, this income was acquire illegally thereby belonging to plaintiff and any human being would be a total fool not to claim what is rightly and legally their property.

15.) Plaintiff state, that the defendants has continue to change their argument in hopes of confusing and misleading both the Court and the plaintiff, that is not going to happen.

First the defendants claim plaintiff Sovereign Documents by the secretary of state, state of Iowa was not valid, (2) then defendants claim that no bonds existed, Plaintiff exhibit-C (filed with Plaintiff Motion for Summary Judgment dated September 11, 2006. (3) Then the defendants claim plaintiff has no issue under F.O.I.A. and plaintiff should pursue a federal replevin action, (4), then it was change by the defendants that plaintiff was attempting to link this issue to the Treasury Dept., claim that is on appeal when it really was the defendants who made the link and not the plaintiff, and now the defendants would claim that plaintiff action is base on the attempt to recover 72 million dollars from the defendants.

16.) Plaintiff state, that if the defendants really believed that plaintiff is pursuing this action only for 72 millions dollars then why not accept plaintiff OFFER OF SETTLEMENT, which do not grant plaintiff any dollar amount and would allow the defendants to close this issue. Plaintiff intentionally made the term and conditions of plaintiff OFFER OF SETTLEMENT void of plaintiff receiving any dollar amount so the defendants could use the award of money as an excuse not to accept plaintiff OFFER OF SETTLEMENT.

17.) Plaintiff state, that the defendants who defense is base on the fact that because the human beings involve in this matter is employees of the department of justice they should be trusted and are beyond reproach, when in fact if this action before the Court has showed nothing else is has shown the lack of honest and professism and that not one time has the defendants made a serious effort to resolve this issue both before entering Court as well as the action being before the Court now.

18.) Plaintiff state, that the only thing the defendants have done is refuse to honor the laws governing their agency with the attempt to mislead the Court.

19.) Plaintiff state, that the defendants total refusal to adhere to plaintiff F.O.I.A. request is to hid the fact from the Court that the actions of the U.S. Attorney that prosecute plaintiff were done illgally and for economic purpose (hence the bond creation and selling), which constitute slavery and slave trading. No law, no statute and no executive immunity whether Sovereign Immunity, absolute immunity or qualified immunity would or could protect any one from the criminal prosecution of slave trafficing and/or slave trading.

20.) Plaintiff state, for the reasons stated above (parag-19), the Court should compel the defendants to either produce the bonds, or accept plaintiff OFFER OF SETTLEMENT. Failure by the defendants to accept plaintiff OFFER OF SETTLEMENT or to produce the bonds in question and the Court should without haste denied the defendants motion for summary judgment and grant plaintiff summary judgment as well as comply with the statute that is attach as exhibit-A and assign the matter for hearing and trial at the earliest practicable date and expedited this matter in every way.

21.) Plaintiff state, that in nature of House Report 105-37 of the 105th Congress: "A requester is not required to identify the specific system of records that contains the information being sought. It is sufficient to identify the agency that has the records. Using information provided by the requester, the agency will determine the system of records that has the files that have been requested.

22.) Plaintiff state, the defendants have not conducted and adequate search of all existing data systems, according to Internal Revenue Manual (s) IRM 3 (17) (46) 1.1. Scope (1) Non-Master File is a process of accounting for assessments, liabilities, payments debits and credits.

23.) Plaintiff state, that the defendants also access to a system of records known as Integrated Date Retrieval system/IRS 34.18, establish by the Justice Department.

24.) Plaintiff state, also the defendants have fail to use Form 3050 (Certificate of Lack of Records) which will certified that the bonds do not exist, the defendants should know that their attempt to refuse produce any legal documentation that would show that the bonds do not exist only offer prima facia evidence that the defendants are not only aware of the bonds but know were the bonds are located.

25.) Plaintiff state, that the bid, performance and payment bonds were original designed for the purpose of allowing construction companies to bid on government construction projects. But as evidence by review of 48 C.F.R. 53.301-1416,1418, the payment bond and performance bond has be expanded to allow the bonds to be used for other purposes, such as penal bonds or prison bonds.

26.) Plaintiff state, that the use of these bonds by Justice Department employees such as U.S. Attorneys are legal except in the form of defendants being used as surety for the bonds. As require by 48 C.F.R. (k) SF 1414 (Rev. 10/93), Consent of Surety, and 48 C.F.R. 53.301-28, Affidavit of Individual Surety, the fact the U.S. Attorney created, and sold the bonds in plaintiff identity without plaintiff consent or an Affidavit from plaintiff giving consent is what constitute the illegal and criminal activity of the U.S. Attorney office who has engaged in slave trading, security fraud, inside trading, identity theft, peonage and blatant violation of every **HUMAN RIGHT PLAINTIFF WAS BORN WITH**. The defendants would ask the Court to enjoin the Justice Department in such human rights violation simply because the Court is a part of the United States, plaintiff would ask the Court not to enjoin the Justice Dept., plaintiff would ask the Court to exercise its right under the Constitution to not only use the check and balance which were put into the Constitution for this very reason.

27.) Plaintiff state, that the defendants has a Lawful duty to comply with plaintiff F.O.I.A. request and failure to do so preclude the granting of summary judgment.

28.) Plaintiff state, that the defendants has fail to even produce a simply debt assessment because the defendants never had any honorable intentions of ever fulfilling their Lawful obligations to plaintiff, hence the back and forth litigation on behalf of the defendants, who never once offer plaintiff any real opportunity to resolve this issue.

29.) Plaintiff state, that all the time and money the defendants have spent on this issue could have been save if the defendants would honor the Law.

30.) Plaintiff state, that any debt alleged by United States against plaintiff Denard-Darnell: Neal, whether incurred legally or by means of fraud, plaintiff can not be subject to imprisonment to secured said debt as the defendants has done to plaintiff in direct violation of the laws of peonage and involuntary servitude.

## RELIEF REQUESTED

1.) Plaintiff seek an Court Order directing the defendants to either release the bonds in question, the Certified Audit Trail of all transactions for the original voucher expressly allowing for the Back-End copy IMAD, OMAD, Disposition and all Disbursement Documents/receipts, or grant summary judgment to plaintiff and set the matter for trial.

2.) Plaintiff seek an Court Order directing the defendants to produce the Signed Certified Verification of Assessment and Name of the Registered Public Accounting Firm and name of the Auditor who Assessed the "Charges", Credentials, Oath, Name and contract information for the original Assessment, or grant summary judgment to plaintiff and set the matter for trial.

3.) Plaintiff seek an Court Order directing the defendants to produce any and all debts United States has assigned to plaintiff, how said debts was incurred and the amounts of said debts, or grant summary judgment to plaintiff and set the matter for trial.

## IN CONCLUSION

Plaintiff state that the U.S. Attorney's acting as agents for the Attorney General and/or Justice Department has not acted in Good Faith from the inception. The criminal and illegal prosecution of a Sovereign American in order to secure bonds in the accused identity constitute HIGH TREASON as well as engaging in SLAVE TRADING, SECURITIES FRAUD, violation of Due Process, violation of Plaintiff Denard-Darnell: Neal Human Rights, and yet the U.S. Attorney office would have the Court believe that the U.S. Attorney has acted in good faith. The Court can not grant summary judgment when the defendants has clearly violated numerous laws that govern the very office the defendants represent. Plaintiff seek summary judgment on the above cited reasons.

O A T H

I, Denard-Darnell: Neal, sui juris, do DECLARE under the pains and Penalties of Perjury, by the Laws of the State of Florida, the united States of America and ultimately Yahweh, that the aforementioned is True, Correct, Certain, Complete, and not meant to mislead.

SIGNED AND SWORN to by ME this 27th day of January 2007 C.E.


*Denard-Darnell: Neal, Sui Juris*
Denard-Darnell: Neal, Sui Juris
Without Prejudice, Secured Party/Creditor
Holder-In-Due-Course
Trade Name Owner
Record Owner
Sovereign


Send all response/Court Orders to the below listed mailing Location.

```
              DENARD DARNELL NEAL
                  23843-008
                 P.O. BOX 1033
           Federal Correctional Complex
           Coleman, Florida. 33521-1033
             United States Penitentiary-1
```

AGGRIEVED PARTY
EXHIBIT-A
CIVIL ACTION NO. 06-1124 (ESH)
MOTION FOR SUMMARY JUDGMENT

**1974.** Act Nov. 21, 1974 (effective as provided by § 4 of such Act, which appears as a note to this section), in subsec. (a), in para. (2), substituted "Each agency shall also maintain and make available for public inspection and copying current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph to be made available or published. Each agency shall promptly publish, quarterly or more frequently, and distribute (by sale or otherwise) copies of each index or supplements thereto unless it determines by order published in the Federal Register that the publication would be unnecessary and impracticable, in which case the agency shall nonetheless provide copies of such index on request at a cost not to exceed the direct cost of duplication." for "Each agency also shall maintain and make available for public inspection and copying a current index providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph to be made available or published.", substituted para. (3) for one which read: "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person. On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action. In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member. Except as to causes the court considers of greater importance, proceedings before the district court, as authorized by this paragraph, take precedence on the docket over all other causes and shall be assigned for hearing and trial at the earliest practicable date and expedited in every way.", redesignated para. (4) as para. (5) and added new paras. (4) and (6); in subsec. (b), substituted para. (1) for one which read: "specifically required by Executive order to be kept secret in the interest of the national defense or foreign policy;", substituted para. (7) for one which read: "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency;", and added the concluding matter ; and added subsecs. (d) and (e)

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

# CERTIFICATE OF SERVICE

I, <u>Denard-Darnell: Neal</u>, do hereby certify under the penalty of perjury (28 USC § 1746) that I have served a true and correct copy of the following document(s):

PLAINTIFF OBJECTIONS/REBUTTAL OF FACTS/MOTION FOR SUMMARY JUDGMENT

which, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have placed the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I address it to:

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W. Room E-4417
Washington, D.C. 20530

and deposited said envelope in the United States Postal Service via the legal mailbox here at the United States Penitentiary-- COLEMAN, FLORIDA. 33521-1033
January 29, 2007

*Denard-Darnell: Neal, UCC 1-308*
Reg. No. 23843-008
U.S. Penitentiary-1
P.O. Box 1033
COLEMAN, FLORIDA. 33521-1033