# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DENARD DARNELL NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-1124 (ESH)** |
| | ) |
| **JOHN SNOW,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM  OPINION

This matter is before the Court on the motion for summary judgment filed on behalf of

the United States Department of Justice, Executive Office for United States Attorneys

("EOUSA"), pertaining to plaintiff's claim under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552.[1]  Having considered the EOUSA's motion, plaintiff's opposition, and the record of

this case, the Court will grant the motion.

## I.  BACKGROUND

In July 2005, plaintiff submitted a FOIA request to the United States Department of

Justice, FOIA/PA Section, seeking the "release of all records and/or data contained in the files of

[the Justice Department] under [his] name and/or identifier to [his] name" containing "Bond

Information and/or Commercial Crimes Bonding Information and/or Case bonding Information

and/or Commercial Crimes Bonding Certification."  (Nov. 17, 2006 Declaration of David

_____

[1]On September 20, 2006, the Court dismissed all of plaintiff's non-FOIA claims.

Luczynski ("Luczynski Decl."), Ex. A (July 11, 2005 FOIA request) at 1.)  Although plaintiff

included his criminal case number in the letter, he did not identify the district in which he was

prosecuted.  (*See id.*)  The EOUSA directed plaintiff to submit a new, corrected request

identifying the specific U.S. Attorney's office or offices where the requested documents would

likely be located.  (*Id.*, Ex. B (Nov. 8, 2005 letter from M.A. O'Rourke, Assistant Director,

Freedom of Information/Privacy Act Unit, EOUSA) at 1.)  In addition, the letter asked plaintiff to

indicate whether he wanted "all records or just bonds."  (*Id.* at 2.)

     In November 2005, plaintiff submitted a corrected request for the following:

> 1.)  Criminal Case Bonding Information
> 2.)  Commercial Bond Certification
> 3.)  Noted Criminal Case Bonding and-or the Bonds which secured
> the financing and-or the pledge for the financing of [Criminal Case
> No. CR 90-03-01-PHX-EHC].
> 4.)  The Bonds sough[t] [are] the[] Bid Bond, Performance Bonds,
> Payment Bonds

(Luczynski Decl., Ex. C (Nov. 20, 2005 FOIA request).)  Plaintiff also indicated that "[t]he

District of prosecution is, Phoenix[,] Arizona, year of prosecution is 1991, Judge is Earl H.

Carroll, U.S. Attorney is, W. Allen Stooks."  (*Id.*)  The EOUSA acknowledged receipt of the

request in February 2006.  (*Id.*, Ex. D (Feb. 7, 2006 letter from W.G. Stewart II, Acting Assistant

Director, Freedom of Information/Privacy Act Unit, EOUSA).)  A search of records located at

the U.S. Attorney's Office for the District of Arizona yielded no responsive records.  (*Id.*, Ex. E

(June 13, 2006 letter from  W.G. Stewart II).)  Plaintiff then filed an administrative appeal of the

EOUSA's response (*id.*, Ex. F (June 22, 2006 letter to the Office of Information and Privacy,

U.S. Department of Justice)), which was dismissed when the Department of Justice learned of

the filing of this civil action.  (*Id.*, Ex. G (Sept. 27, 2006 letter from D.J. Metcalfe, Director,

Office of Information and Privacy).)

In his complaint, plaintiff asserts that the U.S. Attorney's Office "illegally stole . . . [his]

identity to make bonds which ha[ve] been sold in order to generate funds for the use within the

Justice Dept., thereby illegally traffic[k]ing in commerce."  (Compl. at 6.)  He states that he

"attempted to have these bonds . . . return[ed] to him, via [F]reedom of [I]nformation request to

the Justice Department."  (*Id.* at 5.)  Dissatisfied with the agency's response, plaintiff brings this

action seeking the release of "any and all bonds which bear [plaintiff's] identity" or, in the

alternative, an award of $24 million per bond "for a total payment of Seventy Two Million

Dollars . . . for the three (3) bonds in question, BID BOND, PAYMENT BOND, AND

PERFORMANCE BOND."  (*Id.* at 9.)

## II.  DISCUSSION

### A.  *Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with affidavits, show that there is no genuine

issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine

issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in

the moving party's affidavits may be accepted as true unless the opposing party submits his own

affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.

1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[2]  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## B.  *Adequacy of Search*

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27

---

[2]In support of its motion, the EOUSA provides the declaration of David Luczynski, an Attorney Advisor with the EOUSA.  (Luczynski Decl. ¶ 1.)  In this capacity, Mr. Luczynski reviews FOIA requests and case files arising from such requests, reviews searches for responsive records, and prepares responses to the requesters.  (*Id.*)  His declaration is based on his review of official EOUSA files and records, his personal knowledge, and on information acquired in the course of performing his official duties.  (*Id.* ¶ 2.)  Mr. Luczunski is familiar with the EOUSA's procedures in responding to plaintiff's FOIA request.  (*Id.* ¶ 3.)

In addition, the EOUSA submits the declaration of Howard Woodberry, Jr., the FOIA Contact at the U.S. Attorney's Office for the District of Arizona, who conducted the search for records responsive to plaintiff's FOIA request.  (Nov. 17, 2006 Declaration of Howard Woodberry, Jr. ("Woodberry Decl.) ¶¶ 1, 4-8 (paragraph numbers designated by the Court).)

(D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id*. at 127. However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

In this case, EOUSA staff determined that any responsive records would be located in the U.S. Attorney's Office for the District of Arizona ("USAO/DAZ"), the district where plaintiff was prosecuted, and forwarded plaintiff's request to the FOIA Contact in that office. (Luczynski Decl. ¶ 11.) USAO/DAZ staff conducted a search of the "LIONS" system, the computer system used by U.S. Attorneys' offices to track cases and retrieve files pertaining to cases and investigations, using plaintiff's name as a search term.[3] (*Id.*; Woodberry Decl. ¶ 3.) That search identified two cases, one civil and one criminal, pertaining to plaintiff. (*Id.*) The FOIA Contact then obtained what he thought was plaintiff's criminal file, but that file contained no responsive records. (*Id.*) Based on these search results, the EOUSA notified plaintiff that it had located no records responsive to his FOIA request. (*See* Luczynski Decl., Ex. E.)

---

[3]The LIONS system can be searched using a defendant's name, the USAO number (U.S. Attorney's Office internal administrative number), or the district court case number. (Luczynski Decl. ¶ 11.)

A few months later, the FOIA Contact at the USAO/DAZ learned that cases opened or closed before 1995 were not listed in LIONS but were listed in the "Promise binder." (Woodberry Decl. ¶ 5.)  He also discovered that the file he had previously searched was not plaintiff's criminal case file, but a civil appeal file.  (*Id.* ¶ 6.)  In light of these developments, a search of the Promise binder was conducted, and plaintiff's criminal case file (no. CR 90-03-01-PHX-ECH) was thereafter retrieved from the archives.  (*Id.* ¶¶ 5-7.)  The file contained "transcripts of a motion to sever counts, motion to suppress, trial proceedings, plea proceedings, and sentencing proceedings," as well as correspondence, a pre-sentence report, other pleadings, and a grand jury transcript.  (*Id.* ¶ 8.)  Both the FOIA Contact and a "lead criminal legal secretar[y] who is a Supervisor" reviewed the file; however, neither found records concerning criminal bonding information.  (*Id.* ¶¶ 7-8.)

Plaintiff generally challenges the adequacy of the EOUSA's search, deeming it "nothing short of a ruse for the Court and plaintiff."  (Plaintiff's Objection to Defendant's Response and Plaintiff Motion for Summary Judgment ("Pl.'s Opp'n") ¶ 2.)  According to plaintiff, defendant "search[ed] the LIONS system for the bonds knowing that the bonds ha[d] been sold to private insurance companies therefore the bonds would not be located within the LIONS system."  (*Id.* ¶ 12.)  Plaintiff further asserts that "[h]ad the defendants made a real effort then they may have found the bonds by searching the C.U.S.I.P. (Committee on Uniform Identification Process), which is in the Depository Trust Corporation at 55 Water Street [in] New York City."  (*Id.* ¶ 13.)  In addition, plaintiff accuses defendants of "trickery" for their alleged failure to "contact any of the underwriters (Investment Broker or Investment Banker), in an attempt to locate the bonds that are being requested."  (*Id.* ¶ 22.)

-6-

Based on information supplied in plaintiff's request, it was reasonable for EOUSA staff to forward plaintiff's request to the USAO/DAZ, the district where responsive records would likely have been located. Further, the EOUSA has demonstrated that it conducted a reasonable and adequate search for records responsive to plaintiff's FOIA request by using LIONS and the Promise binder to locate the criminal file identified by plaintiff in his FOIA request. The search is not presumed to be unreasonable because it did not yield the requested information. *See Steinberg v. U.S. Dep't of Justice*, 23 F.3d at 551 (the question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986). In challenging the EOUSA's search, plaintiff must present evidence rebutting the agency's initial showing of a good faith search. *See Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983). Plaintiff has utterly failed to meet this evidentiary burden.

The EOUSA is not required to "create documents or opinions in response to an individual's request for information," *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987), or to retain or retrieve documents which previously had been in its possession. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) (noting FOIA's requirement that an agency "provide access to those [agency records] which it in fact has created and retained"). Nor can an agency produce records that it does not possess. *See Rothschild v. Dep't of Energy*, 6 F. Supp. 2d 38, 40 (D.D.C. 1998).

III.   CONCLUSION

The Court concludes that the EOUSA conducted an adequate search for records responsive to plaintiff's FOIA request.  Although the EOUSA located no responsive records, it has shown its full compliance with its obligations under FOIA.  Accordingly, the Court will grant the EOUSA's motion for summary judgment.[4]  An Order consistent with this Memorandum Opinion will be issued separately.


_____
/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 19, 2007

---

[4]The Court will deny plaintiff's two motions for summary judgment, neither of which meets the requirements set forth in Local Civil Rule 7(h).  *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996) (affirming district court's decision to strike plaintiff's statement of material facts as to which he contended there existed a genuine issue for trial for his failure to cite to the record, depositions or affidavits, and for his failure to dispute moving party's statement of undisputed material facts).